**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **NOVIE DALE CARMEN, ET AL.,** | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| **HEALTH CAROUSEL, LLC,** | |
| Defendant. | |

Defendant Health Carousel, LLC, ("Health Carousel") removes to this Court the state court action described below.  Removal is proper under 28 U.S.C. §§ 1331, 1441(a).  In support of this notice, Health Carousel states:

**BACKGROUND**

Health Carousel is the lone defendant in a civil action arising under federal law in the Hamilton County, Ohio Court of Common Pleas, Case No. A2001283.  Plaintiff Novie Dale Carmen filed her complaint on March 16, 2020 (copy attached as **Exhibit A**).  Carmen filed the complaint in her individual capacity and on behalf of a putative class.  This notice is timely under 28 U.S.C. § 1446(b) because Health Carousel filed it within 30 days of service.

The underlying facts involve Carmen's employment with Health Carousel.  (Compl. ¶¶ 16–18.)  Health Carousel is a healthcare staffing company that employs internationally trained nurses and places them on assignments at hospitals throughout the United States.  (*See id.* ¶¶ 1, 8–11 (explaining the role of Health Carousel's separate business entity, Passport USA).)  Carmen, a native of the Philippines, signed a contract to participate in Health Carousel's

program. (*Id.* ¶ 17.)[1] "In exchange for, among other things, Health Carousel sponsoring [a nurse's] visa petition, promoting and marketing her for available jobs, and navigating all necessary licensures, [every nurse, including Carmen,] agreed to work for Health Carousel for a 'Commitment Period' of 36 months, or 6,240 regular-time work hours." *Health Carousel, LLC v. Agang*, No. 1:19-00102, Doc. 9 at PageID #54 (S.D. Ohio Jan. 23, 2020); *see also* Compl. ¶ 19 (same allegations); *id.* ¶¶ 29, 33 (referencing *Agang*). If a nurse came to America through the program, but did not complete her Commitment Period, the nurse agreed to pay Health Carousel liquidated damages for the "Early Termination." (Compl. ¶ 25; Contract §§ 1(i)–(iii).)

Carmen alleges that her Contract, which she voluntarily signed with Health Carousel and honored for part of her Commitment Period, violated federal and state law by imposing "draconian terms" like the "Early Termination" provision. (Compl. ¶¶ 76, 17.) Carmen extends these allegations to an entire proposed class. The Complaint contains five standalone claims, *four of which* are for violating federal criminal statutes. These include four claims under the federal Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1581 *et seq.* (Compl. ¶¶ 72–95 (involving claims under 18 U.S.C. § 1589(a), 18 U.S.C. § 1589(b), 18 U.S.C. § 1590(a), and 18 U.S.C. § 1594(a)).) That federal statute gives some plaintiffs a private cause of action against alleged human traffickers. *See* 18 U.S.C. § 1595. Carmen's lone state-law claim, under Ohio Revised Code 2905.32, alleges similar violations of Ohio's human trafficking statute. As for the proposed class, Carmen alleges that the common questions of law involve whether Health Carousel's standard employment contract violates the TVPA. (Compl. ¶ 67.)

---

[1] Carmen did not attach her employment contract (the "Contract") with Health Carousel as an exhibit to her Complaint. Still, "a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims." *Nixon v. Wilmington Tr. Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). A copy of the Contract is attached as **Exhibit B**.

**THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION**

Removal is proper under 28 U.S.C. § 1441 because this action arises under federal law. Under that removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant." 28 U.S.C. § 1441(a). To determine whether it has original jurisdiction over this action, this Court must consider "the well-pleaded allegations of the complaint." *Berera v. Mesa Med. Gr., PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) (internal quotation marks and citations omitted). "[F]ederal question jurisdiction exists when the plaintiff's 'statement of his own cause of action shows that it is based upon [federal law].'" *Id.* at 358 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (alterations in original).

The Complaint leaves no doubt that this Court has original jurisdiction. Four of Carmen's five claims are for violating federal law, and the remaining state law claim arises from the same nucleus of fact as her federal claims. Therefore, removal is proper under 28 U.S.C. § 1441(a). Relatedly, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) to consider Carmen's lone state law claim.

**REMOVAL TO THE SOUTHERN DISTRICT OF OHIO IS PROPER**

Carmen's contract includes a provision in which the parties agreed that any action relating to that contract would be brought in the United States District Court for the Southern District of Ohio or a court of competent jurisdiction in Hamilton County, Ohio. Because Carmen commenced this action in the Hamilton County, Ohio Court of Common Pleas, which is in the Southern District of Ohio, removal to this Court is proper. *See* 28 U.S.C. § 1446(a). As a result, it is Health Carousel's statutory right to remove the case from state court to this federal court. *See In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990) (citing 28 U.S.C. § 1441).

Under Sixth Circuit precedent, the statutory right of removal "can be waived." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). But "the case law makes it clear that such waiver must be clear and unequivocal." *Id.* If a contract's forum selection clause "neither mentions removal nor sets forth an explicit waiver of that right," the contract will not prevent the defendant from removing the lawsuit. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 888 (6th Cir. 2009). For example, if a "forum selection clause . . . merely puts jurisdiction in either a state or federal court," there is no waiver of the right of removal. *In re Delta Am.*, 900 F.2d at 894 n.9. And the waiver of personal jurisdiction does not affect the right of removal. *Id.* at 893.

The Contract's forum selection clause does not preclude removal. Under the forum selection clause, Carmen and Health Carousel agreed to:

> (i) designate the U.S. District Court for the Southern District of Ohio, or any other court of competent jurisdiction within Hamilton County, Ohio, as the forum where any matters pertaining to this Agreement will be adjudicated, and (ii) hereby consent to the exclusive jurisdiction and venue of any such court selected for the purpose of adjudicating any such matter pertaining to this Agreement.

(Contract at 5.)

The forum selection clause does not even mention removal—much less include an explicit waiver of that right. Instead, Carmen and Health Carousel agreed to litigate their disputes either in the Southern District of Ohio or in a state court in Hamilton County, Ohio. And while the parties waived any challenges to personal jurisdiction, the forum selection clause is silent on removal. As a result, Health Carousel retains the statutory right to remove the action to this Court. *See Cadle Co.*, 307 F. App'x at 887–88 (denying a motion to remand after discussing similar cases finding no waiver of the right of removal).

## CONCLUSION

For these reasons, Health Carousel removes this action from the Hamilton County, Ohio Court of Common Pleas.

                Respectfully submitted,

                <u>/s/ Russell S. Sayre</u>
                Russell S. Sayre (0047125)
                Brian A. Morris (0093530)
                TAFT STETTINIUS & HOLLISTER LLP
                425 Walnut Street, Suite 1800
                Cincinnati, OH  45202-3957
                Phone:  (513) 357-9304
                Fax:  (513) 381-0205
                sayre@taftlaw.com
                bmorris@taftlaw.com

                *Counsel for Defendant Health Carousel, LLC*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above was filed electronically on April 20, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy will also be served by electronic mail to the following:

Robert E. DeRose
BARKAN MEIZLISH LLP
250 East Broad Street, 10th Fl.
Columbus, OH 43215
Phone:  (614) 221-4221
Fax:  (614) 744-2300
bderose@barkanmeizlish.com

Bryce Ashby
DONATI LAW
1545 Union Ave.
Memphis, TN 38104
Phone:  (901) 209-5500
bryce@donatilaw.com

Anna P. Prakash
Charles A. Delbridge
Nicole J. Schladt
NICHOLS KASTER, PLLP
80 South 8th Street
Minneapolis, MN 55402
Phone:  (612) 256-3200
Fax:  (612) 338-4878
aprakash@nka.com
cdelbridge@nka.com
nschladt@nka.com

*Counsel for Plaintiff Novie Carmen*
*and the Proposed Putative Class*

    /s/ Russell S. Sayre