**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Novie Dale Carmen, individually and as Representatives of the Classes,

    Plaintiffs,

v.

Health Carousel, LLC,

    Defendant.

Case No. 1:20cv00313

Judge Douglas R. Cole

**PARTIES' AMENDED JOINT DISCOVERY PLAN**

Plaintiff, Novie Dale Carmen, individually and as a Representative of the Class, and Defendant Health Carousel, LLC, hereby submit the following Amended Joint Discovery Plan:

1. Following the denial of Defendant's motion to dismiss and strike class allegations, the parties met and conferred about the case schedule. In so doing, the parties gave serious consideration to this portion of the Court's opinion denying Defendant's motion:

> The Court's hesitance to grant dismissal, or reach certification, based solely on the pleadings should not be read as suggesting that wholesale discovery on every aspect of this case is necessary, or even appropriate. The parties may well wish to consider the possibility of early motions for summary judgment, or motions opposing class certification, supported by affidavits or documents, as appropriate. But pending further factual information, the Court declines to foreclose further discovery and development of class issues at this juncture.

(ECF No. 21.)

2. In the interest of compromise and approaching discovery with an eye towards efficiency and the best expenditure of each party's resources, as well as in light of the Court's statement above, the parties have agreed to a basic two-stage framework for discovery:

    A. <u>On or before January 17, 2022</u>: (A) the first stage of discovery (as described below) will be completed; (B) any motions to compel or for a protective

       order regarding that discovery will be filed; and (C) any motions to amend will be filed.

B.    The discovery permitted before January 17, 2022, shall be limited as follows:

    i.    Plaintiff shall respond and produce any documents responsive to up to 14 Requests for Production to be served by Defendant.

    ii.    Defendant may take the deposition of Plaintiff and, if it so chooses, up to 2 additional witness depositions.

    iii.    Defendant shall respond and produce any documents responsive to the following Requests for Production already served by Plaintiff and as agreed to by the parties on August 20. (ECF No. 31-2 at PageID 741 (memorializing conversation).)

    iv.    Plaintiff may take the deposition of the Defendant and, if she so chooses, up to 2 additional witness depositions.

    v.    Each party shall be permitted to serve up to 5 interrogatories and 5 requests for admission.

C.    By January 31, 2022, the parties shall (1) meet and confer regarding whether settlement discussions would be fruitful and the proposed schedule for the remainder of the case; and (2) file with the Court their joint proposed or competing case schedule. With the exception of the discovery listed above, no additional discovery shall be sought or motions brought (absent good cause to deviate from this schedule) until such time as the Court rules on the parties' joint proposed or competing schedule to be filed by January 31, 2022.

D.    Notwithstanding the foregoing:

    i.    With the exception of objections based on the stage of litigation, each party shall be allowed to assert objections to and withhold the above-listed discovery just as they would have absent this agreement. Accordingly, each party also retains the right to move to compel or move for a protective order as to any such discovery provided that the party so moves by January 17, 2022.

    ii.    It shall not be a waiver of either party's right to seek the amount and type of discovery allowed under the Federal Rules of Civil Procedure and Local Rules should either party decline to seek the discovery listed above during this first phase of discovery that concludes on January 17, 2022.  For example, it shall not be waiver

of Defendant's right to take up to 10 depositions in this case if it chooses not to depose the witnesses contemplated above on or before January 17, 2022. As another example, it shall not be a waiver of either party's right to serve up to 25 interrogatories in this case should they not serve the 5 interrogatories as allowed above.  Both parties reserve the right to object to the same witness being deposed more than once in this litigation.

Respectfully submitted,

DATE: September 29, 2021

| | |
|---|---|
| **NICHOLS KASTER, PLLP**<br>s/Anna P. Prakash<br>Anna P. Prakash, MN Bar No. 0351362*<br>aprakash@nka.com<br>Nicole J. Schladt, MN Bar No. 0400234*<br>nschladt@nka.com<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Phone: (612) 256-3200<br>Fax: (612) 338-4878 | **TAFT STETTINIUS & HOLLISTER LLP**<br>s/Beth A. Bryan<br>Beth A. Bryan (0082076)<br>Russell S. Sayre (0047125)<br>Brian A. Morris (0093530)<br>Spencer S. Cowan (0099556)<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>Telephone: (513) 357-9460<br>Facsimile: (513) 381-0205<br>sayre@taftlaw.com<br>bryan@taftlaw.com<br>bmorris@taftlaw.com<br>scowan@taftlaw.com |
| **BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**<br>Robert E. DeRose (OH Bar No. 0055214)<br>bderose@barkanmeizlish,com<br>250 East Broad Street, 10th Floor<br>Columbus, OH 43215<br>Phone: (614) 221-4221<br>Fax: (614) 744-2300 | *Attorneys for Health Carousel, LLC* |

**DONATI LAW**
Bryce Ashby, TN Bar No. 026179*
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500

**TOWARDS JUSTICE**
Valerie Collins, MD Bar*
David H. Seligman CO Bar No. 49394*
valerie@towardsjustice.org
david@towardsjustice.org
PO Box 371680
PMB 44465

3

Denver, CO 80237-5680
Phone: (720) 295-1672

**GUPTA WESSLER, PLLC**
Jennifer Dale Bennett CA Bar No. 296726*
jennifer@guptawessler.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Phone: (415) 573-0336
Fax: (202) 888-7792

* admitted *pro hac vice*

*Attorneys for Plaintiff and the Putative Class*