# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Novie Dale Carmen, individually and as Representatives of the Classes,

    Plaintiffs,

v.

Health Carousel, LLC,

    Defendant.

Case No. 1:20cv00313

Judge Douglas R. Cole

**SECOND AMENDED JOINT PROPOSED DISCOVERY PLAN AND CASE SCHEDULE**

Plaintiff, Novie Dale Carmen, individually and as a Representative of the Class, and Defendant Health Carousel, LLC, hereby submit the following Proposed Discovery Plan and Case Schedule.

1. The parties propose the following case schedule:

| Event | Date |
|---|---|
| 1. Motions to amend the pleadings filed | January 17, 2022 |
| 2. Class certification fact discovery closes | (a) 90 days following a decision denying Defendant's motion to stay; (b) if a stay is granted, 90 days following a decision on Defendant's motion to dismiss; or (c) if Defendant does not move to stay, March 31, 2022. |
| 3. Class certification expert disclosures (if any) | 14 days following the close of class certification fact discovery |
| 4. Class certification rebuttal expert disclosures (if any) | 4 weeks following class certification expert disclosures (if any) |
| 5. Class certification expert discovery (if any) closes | 4 weeks following class certification rebuttal expert disclosures (if any) |

1

| | | |
|---|---|---|
| 6. | Motion for class certification filed | If no experts are disclosed by 14 days following the close of class certification fact discovery, then Plaintiffs' motion for class certification shall be filed 30 days following the close of class certification fact discovery.<br><br>If an expert is disclosed by 14 days following the close of class certification fact discovery, then Plaintiffs' motion for class certification shall be filed 30 days following the close of expert discovery. |
| 7. | Merits/damages fact discovery closes | 90 days following the Court's order on class certification |
| 8. | Merits/damages expert disclosures | 120 days following the Court's order on class certification |
| 9. | Merits/damages rebuttal expert disclosures | 150 days following the Court's order on class certification |
| 10. | Merits/damages expert discovery closes | 180 days following the Court's order on class certification |
| 11. | Dispositive motions filed | On or before 210 days following the Court's order on class certification |
| 12. | Remaining pre-trial deadlines | To be set by the Court following orders on dispositive motions |
| 13. | Trial | To be set by the Court following orders on dispositive motions |

    2. All discovery to support or defend against class certification ("class discovery") shall be conducted by the date associated with Event #2 above (i.e., "class certification fact discovery closes").

    3. Unless class merits discovery overlaps with class discovery, no merits discovery shall be taken during the class discovery period except for merits discovery related to the named Plaintiffs. The parties acknowledge that they may dispute whether there is overlap between merits and class discovery and agree to meet and confer as such disputes arise and involve the Court to the extent necessary to resolve such disputes.

    4. Notwithstanding the foregoing, the parties may serve merits discovery requests on each other at any time provided that the serving party agrees in writing that the

responding party may defer responses for potential class members other than the named Plaintiffs until the merits discovery period.

5. The parties agree to abide by the limits on written discovery and depositions set by the Federal Rules of Civil Procedure. Those limits shall apply to the case as a whole and not separately as to the class discovery period and merits discovery period. For example, each party shall be allowed to serve on another party 25 interrogatories total, *not* 25 during the class discovery period and an additional 25 during the merits discovery period. Both parties reserve their right to request an extension of any such limits for good cause shown.

6. Notwithstanding the foregoing, the parties agree to limit document requests to 40 per party, to be divided between the class discovery period and merits discovery period as the serving party sees fit.

7. The parties also agree that fact witness depositions during the class discovery period shall be limited to 5 per side, with any corporate deposition counting as a single deposition regardless of the number of designees. Failure to take 5 depositions during the class discovery period shall not be a waiver of a party's right to take 10 total depositions during the run of this case. Expert depositions shall not count towards the deposition limits.

8. The parties agree that no witness shall be deposed more than once unless: (A) agreed to by the parties; (B) the witness' testimony was deficient (as agreed to by the parties or determined by the Court); or (C) the witness is testifying in a different capacity— for example, as a corporate designee and then in their individual capacity; or, as another example, as a class certification expert and then as a merits expert. Consistent with this,

the parties may agree that any given witness will testify as to merits during the class discovery period or request Court assistance to resolve any disagreements regarding the same.

9. Both parties reserve their right to move to compel or move for a protective order based on discovery disputes to the extent such motions are consistent with the foregoing.

10. The parties shall file a joint agreed upon ESI protocol and joint agreed upon protective order to govern confidential documents no later than January 14, 2022.

Respectfully submitted,

DATE: January 5, 2022

| | |
|---|---|
| **NICHOLS KASTER, PLLP**<br>s/Nicole J. Schladt<br>Anna P. Prakash, MN Bar No. 0351362*<br>aprakash@nka.com<br>Nicole J. Schladt, MN Bar No. 0400234*<br>nschladt@nka.com<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Phone: (612) 256-3200<br>Fax: (612) 338-4878<br><br>**BARKAN MEIZLISH DEROSE COX, LLP**<br>s/Robert E. DeRose<br>Robert E. DeRose (OH Bar No. 0055214)<br>bderose@barkanmeizlish,com<br>4200 Regent Street, Suite 210<br>Columbus, OH 43219<br>Phone: (614) 221-4221<br>Fax: (614) 744-2300 | **TAFT STETTINIUS & HOLLISTER LLP**<br><br>s/Beth A. Bryan<br>Beth A. Bryan (0082076)<br>Russell S. Sayre (0047125)<br>Brian A. Morris (0093530)<br>Spencer S. Cowan (0099556)<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>Telephone: (513) 357-9460<br>Facsimile: (513) 381-0205<br>sayre@taftlaw.com<br>bryan@taftlaw.com<br>bmorris@taftlaw.com<br>scowan@taftlaw.com<br><br>*Attorneys for Health Carousel, LLC* |

4

**DONATI LAW**
Bryce Ashby, TN Bar No. 026179*
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500

**TOWARDS JUSTICE**
Valerie Collins, MD Bar*
David H. Seligman CO Bar No. 49394*
valerie@towardsjustice.org
david@towardsjustice.org
PO Box 371680
PMB 44465
Denver, CO 80237-5680
Phone: (720) 295-1672

**GUPTA WESSLER, PLLC**
Jennifer Dale Bennett CA Bar No. 296726*
jennifer@guptawessler.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Phone: (415) 573-0336
Fax: (202) 888-7792

* admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Classes*