## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Novie Dale Carmen, Jerlin C. Amistoso, and
Kersteen B. Flores, individually and as
Representatives of the Classes,

      Plaintiffs,

v.

Health Carousel, LLC,

      Defendant.

Case No. 1:20cv00313

Judge Douglas R. Cole

STIPULATION AND
[PROPOSED] ORDER:
**ESI PROTOCOL**

---

In order to streamline discovery to promote a "just, speedy and inexpensive determination" of this action as required by Federal Rule of Civil Procedure 1, the parties hereby stipulate to the following protocol governing the discovery of documents and electronically stored information ("ESI") in this matter:

## I)    GENERAL PROVISIONS

### A)    COOPERATION

The parties agree that they will adhere to the principles of cooperation, transparency, reasonableness, and proportionality, as set forth in the Federal Rules of Civil Procedure and as interpreted by federal case law, as they conduct discovery in the litigation.

### B)    ESI LIAISONS

1.    Each party agrees to designate an ESI liaison who will participate in the resolution of ESI discovery issues; who is (a) familiar with the party's technologists, electronic systems, and capabilities and able to explain those systems and answer relevant questions; (b) knowledgeable about the technical aspects of e-discovery, including electronic document

1

storage, organization, and format issues; (c) prepared to participate in e-discovery dispute resolutions; and (d) current on the party's ESI discovery efforts so they are able to meaningful contribute to the discussions.

2.      Plaintiff's ESI Liaison will be Angi Kittelson and Defendant's ESI Liaison will be Kenneth Foisy.

## II)      <u>SUMMARY OF PROCESS</u>

This ESI protocol outlines an iterative process by which the parties will coordinate the identification, collection, and production of custodians, documents, and ESI.

1.      The producing party will determine the most efficient and reasonable way to search for, collect, and review responsive documents in its possession, custody, or control.

2.      Both parties commit to seriously consider the use of TAR/CAL or similar assisted search and review tools.

3.      Both parties further agree to disclose to each other the method(s) used to search, collect, and review responsive documents in their possession, custody, or control.

4.       As to any systems or requests for which the producing party determines that selecting custodians and search terms is appropriate, the producing party will provide the requesting party with proposed custodians and search terms prior to finalizing its search and collection. The requesting party shall have 7 days to make a counterproposal. Should the requesting party not make a counterproposal within the time period stated above, the producing party shall proceed with its proposed custodians and search terms. Should the requesting party make a timely counterproposal and the parties are not able to reach agreement through meet and confer efforts, the requesting party may seek the Court's assistance with resolving the dispute. Should the requesting party not act within 7 days of meet and confer efforts concluding, the

producing party shall not be later obligated to rerun searches or add new custodians absent a showing of good cause.

5.     The parties may undertake the above process more than once should new search term/custodians become relevant as the case develops, including by request of the receiving party.

### III)     <u>INACCESSIBLE DATA</u>

1.     The parties agree to identify to each other when making document productions any responsive ESI that is not reasonably accessible and the reason that the producing party believes the data to be not reasonably accessible.

2.     Each party reserves the right to challenge whether data is not reasonably accessible and to seek the Court's assistance with resolving any dispute remaining after meet and confer efforts conclude.

**SO STIPULATED**:

Dated:  January 13, 2022

**NICHOLS KASTER, PLLP**

/s/*Anna P. Prakash*
  Anna P. Prakash, MN Bar No. 0351362*
  aprakash@nka.com
  Nicole J. Schladt, MN Bar No. 0400234*
  nschladt@nka.com
  4600 IDS Center
  80 South 8th Street
  Minneapolis, MN 55402
  Phone: (612) 256-3200
  Fax: (612) 338-4878

**BARKAN MEIZLISH DEROSE COX, LLP**

/s/*Robert E. DeRose*
  Robert E. DeRose (OH Bar No. 0055214)

January 13, 2022

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ *Russell S. Sayre*
  Russell S. Sayre (0047125)
  Beth A. Bryan (0082076)
  Brian A. Morris (0093530)
  Spencer S. Cowan (0099556)
  425 Walnut Street, Suite 1800
  Cincinnati, Ohio 45202
  Phone: (513) 381-2838
  Fax: (513) 381-0205
  sayre@taftlaw.com
  bryan@taftlaw.com
  bmorris@taftlaw.com
  scowan@taftlaw.com

ATTORNEYS FOR DEFENDANT

bderose@barkanmeizlish,com
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Fax: (614) 744-2300

**DONATI LAW**
Bryce Ashby, TN Bar No. 026179*
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500
* admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFFS AND THE
PUTATIVE CLASSES

**SO ORDERED**:

Date:  _____                    _____