# EXHIBIT A

# FIRST AMENDED SETTLEMENT AGREEMENT AND EXHIBITS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Novie Dale Carmen, Jerlin C. Amistoso, and Kersteen B. Flores, individually and as Representatives of the Classes, | Case No. 1:20cv00313 |
| | Judge Douglas R. Cole |

Plaintiffs,

v.

Health Carousel, LLC,

Defendant.

## FIRST AMENDED SETTLEMENT AGREEMENT

This First Amended Settlement Agreement ("Agreement") is entered into between Novie Dale Carmen, Jerlin C. Amistoso, and Kersteen B. Flores, on behalf of themselves and the proposed Settlement Class and Collective defined below, and Defendant Health Carousel, LLC ("Defendant" or "Health Carousel") (collectively, the "Parties" or "parties").

## RECITALS

WHEREAS, Health Carousel has assisted thousands of healthcare professionals, including Plaintiffs, in coming to work in the United States via its sponsorship of permanent resident immigrant visas;

WHEREAS, Plaintiff Novie Dale Carmen filed this lawsuit in state court on behalf of herself and a proposed class in March of 2020, and Defendant removed to this Court;

1

WHEREAS, after briefing, argument, and this Court's decision on a motion to dismiss, Plaintiffs Jerlin Amistoso and Kersteen Flores joined Plaintiff Carmen as Named Plaintiffs and proposed Class Representatives;

WHEREAS, Defendant then moved to dismiss all of Plaintiffs' claims and strike class allegations, which motions this Court denied in August of 2023;

WHEREAS, Defendant answered the operative complaint, denied liability under all alleged counts, and asserted affirmative defenses;

WHEREAS, from August to December of 2023, the parties then engaged in robust discovery including the exchange of documents and depositions of the three Named Plaintiffs, a deposition of a current Health Carousel employee, a former Health Carousel employee, and a 30(B)(6) deposition which discovery supplemented that done earlier in the case;

WHEREAS, on December 21, 2023, as discovery on certification issues was concluding and before the deadline for class certification expert disclosures, the parties engaged in private mediation with the Honorable Diane Welsh (ret.);

WHEREAS, mediation resulted in an agreement in principle to settle this case on a class-wide basis to avoid the continued costs and uncertainty of continued litigation and without any admission of wrongdoing by Health Carousel;

NOW THEREFORE, in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, it is hereby agreed, by and among the undersigned Parties, as follows:

## **DEFINITIONS**

1.  <u>Action</u> or <u>Litigation</u> means this lawsuit, styled as *Carmen, et al. v. Health Carousel, LLC.*, Case No. 1:20cv00313 (DRC) (S.D. Ohio).

2.      Agreement means this First Amended Settlement Agreement and Release.

3.      CAFA Notice means the notice described in 28 U.S.C. § 1715, which Defendant shall cause the Settlement Administrator to distribute within the time and in the manner and form required by law, with Defendant filing a declaration notifying the Court within one (1) business day of such notice issuing.

4.      Class Counsel means Nichols Kaster, PLLP, Towards Justice, Gupta Wessler, Donati Law, and Barkan Meizlish DeRose Wentz McInterney Peifer, LLP.

5.      Class Data means a listing of all Class Members, including information necessary to facilitate the allocations, notice, and distribution program described herein, which Health Carousel shall produce to Class Counsel and the Settlement Administrator no later than three (3) days following execution of this Agreement.

6.      Class Representative or Named Plaintiff means each Novie Dale Carmen, Jerlin Amistoso, and Kersteen Flores.

7.      Court means the United States District Court for the Southern District of Ohio.

8.      Defendant or Health Carousel means Defendant Health Carousel, LLC and its respective present, former and future parents, subsidiaries, affiliates, officers, directors, clients, employees, attorneys, heirs, administrators, executors, insurers, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns, individually, jointly and severally.

9.      Effective Date means the first day after the first date on which all of the following have occurred:

        a.      all Parties, Class Counsel, and Defendant's counsel have executed this Agreement;

3

b.      the Court has issued a preliminary approval order;

c.      reasonable notice has been given to Settlement Class Members, including providing them an opportunity to opt out of or object to the Settlement;

d.      The Court has held a fairness hearing, entered Final Judgment approving the Settlement and ruled on any requests for Court-awarded amounts from the Gross Settlement Fund; and

e.      Only if there are written objections filed before the fairness hearing and those objections are not later withdrawn, the last of the following events to occur:

   i.      if no appeal is filed, then the date on which the objector's time to appeal the Final Judgment has expired with no appeal or any other judicial review having been taken or sought; or

   ii.      if an appeal of the Final Judgment has been timely filed or other judicial review was taken or sought, the date that order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the Settlement.

10.      <u>Final Approval Order</u> or <u>Final Judgment</u> means the Court's order granting final approval of this Settlement in substantially the same form attached hereto as Exhibit 1, subject to Court approval, or as otherwise written by the Court.

11.    <u>Final Payment Acceptance Deadline</u> means the date thirty (30) days from when the Payment Acceptance Reminder is sent.

12.    <u>Gross Settlement Amount</u> means $6,050,000, which shall be the total amount from which the Named Plaintiffs, Settlement Class, and Collective Members will be paid and from which any Court-awarded amounts (i.e., attorneys' fees, litigation expenses, administration expenses, and service payments) will be paid. Defendant will pay the Gross Settlement Amount into a common fund, which, to the extent necessary, shall be established and maintained by the Settlement Administrator as a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator, on behalf of the Settlement Class, shall be responsible for all administrative, accounting and tax compliance activities in connection with the Qualified Settlement Fund, including any filing necessary to obtain Qualified Settlement Fund status pursuant to Treas. Reg. § 1.468B-1. Defendant shall provide to the Settlement Administrator any documentation necessary to facilitate obtaining Qualified Settlement Fund status. The Gross Settlement Amount shall represent the full extent of Defendant's financial obligations under this Agreement unless otherwise specified herein. There shall be no reversion to Defendant from the Gross Settlement Amount under any circumstance other than as for employer-side payroll taxes as specified below.

13.    <u>Group A Settlement Class</u> shall be comprised of all healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; (2) completed their Commitment Period; or (3) are current employees in the Passport USA program. To be clear,

anyone who had completed their Commitment Period as of February 15, 2024 is not considered a current employee under this Agreement. Group A Settlement Class Member shall mean a member of the Group A Settlement Class.

14.     Group B Settlement Class shall be comprised of all  healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages"; or (2) are current employees in the Passport USA program. To be clear, anyone who has completed their Commitment Period as of February 15, 2024 is not considered a current employee under this Agreement. Group B Settlement Class Member shall mean a member of the Group B Settlement Class.

15.     Long Form Notices refers to the notices attached hereto as Exhibits 2-5, subject to Court approval, which shall be posted on the Settlement Website, and directed at Settlement Class Members who, as of February 15, 2024, were current employees in the Passport USA program. (Ex. 2), had completed their Commitment Period (Ex. 3), had paid Health Carousel some or all "liquidated damages (Ex. 4), and did not complete their Commitment Period but did not pay Health Carousel any "liquidated damages" (Ex. 5). To be clear, anyone who had completed their Commitment Period as of February 15, 2024 is not considered a current employee under this Agreement.

16.     [intentionally blank].

17.     Net Settlement Fund means the amount of money remaining after the Gross Settlement Amount is reduced by the following amounts, if approved: (a) reasonable attorneys'

fees and litigation expenses to Class Counsel; (b) the fees of the Settlement Administrator; and (c) service payment to the Named Plaintiffs.

18.  Opt-In Deadline means the date the Court establishes as the deadline by which putative Collective Members must mail and postmark or electronically submit the FLSA Opt-In and Release Form. The Parties shall jointly request that this date be sixty (60) days after the mailing of the Postcard Notice.

19.  Opt-Out Deadline or Objections Deadline means the date the Court establishes as the deadline by which putative Settlement Class Members must mail and postmark a written notice of their intent to opt-out of the Settlement and by which objections to the preliminarily approved Settlement must be filed with the Court. The Parties shall jointly request that this date be sixty (60) days after the mailing of the Postcard Notices.

20.  Parties means Plaintiffs and Defendant.

21.  Payment Acceptance Reminder shall mean the notice in substantially the same form attached hereto as Exhibit 6, subject to Court approval, and which the Settlement Administrator will distribute via email and mail thirty (30) days following distribution of the payments described in paragraph 70 below and which shall only be distributed to those Settlement Class Members who have not received a direct deposit of funds or otherwise accepted payment.

22.  Postcard Notice means the postcard in substantially the same form attached hereto as Exhibit 7, subject to Court approval, and which the Settlement Administrator will mail, via first class mail, to each putative Settlement Class Member. The Postcard Notice shall include the FLSA Opt-In and Release Form for Settlement Class Group A members identified in paragraph 38(c) below.

23.     <u>Preliminary Approval</u> means an order from the Court granting preliminary approval of this Settlement such that notice can issue to the proposed Settlement Class. The parties shall propose the Preliminary Approval Order attached hereto as Exhibit 8.

24.     <u>Reminder FLSA Notice</u> means the postcard attached hereto as Exhibit 9, subject to Court approval, which the Settlement Administrator will mail via first class mail twenty-one (21) days after Postcard Notice is mailed. Reminder FLSA Notice shall be sent to each putative Collective Member identified in paragraph 38(c) below who has not opted into the Collective as of the date of mailing. The Reminder Notice shall include the FLSA Opt-In and Release Form.

25.     <u>Settlement Administrator</u> means Atticus Administration LLC, who was chosen following a competitive bidding process and discussing capabilities.

26.     <u>Settlement Class</u> shall refer to the Group A and Group B Settlement Classes together unless otherwise specified herein. Settlement Class Member shall mean a member of the Group A or Group B Settlement Class.

27.     <u>Settlement Class Member</u> means any individual who is a member of the Settlement Class who does not submit a timely and valid written notice of intent to opt-out.

28.     <u>Settlement Collective</u> has the same meaning as Settlement Class but includes only those Settlement Class Members who timely opt into the FLSA portion of this Settlement pursuant the terms below.

29.     <u>Settlement Collective Member</u> shall mean those Group A Settlement Class Members who paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period and who timely opt into the FLSA portion of this Settlement.

30.     <u>Settlement Website</u> means a website to be established and maintained by the Settlement Administrator as agreed upon by the parties, and as described below in paragraph 53,

8

which shall only be accessible to Settlement Class and/or Settlement Collective Members, and to counsel, the Court, and administrator, as well as any others necessary to facilitate functionality of the website and settlement approval.

## RELIEF AND BENEFITS

**A.     PERMANENT NON-MONETARY RELIEF**

31.     Health Carousel has removed the workplace rule alleged in this Action as prohibiting "gossip" and agrees to make permanent that previous removal.

32.     For healthcare workers' assignments commencing and contracts healthcare workers sign after the date of Final Approval, Health Carousel will:

      a.     Advise prospective employees to discuss their contract with an attorney.

      b.     Notify prospective employees that Health Carousel's Passport USA contract offer is valid for 30 days after it is presented to the prospective employee. If the prospective employee requests additional time to consult with an attorney, Health Carousel shall extend the offer by an additional 30 days.

      c.     Provide a FAQ primer to prospective employees that describes their rights and obligations under their specific visas, including explaining that EB-2 and EB-3 visas are not tied to a specific employer.

33.     Group B Settlement Class Members who are not current employees shall receive full discharge of any disputed debt owed to Health Carousel related to their alleged breach of contract along with full discharge of any non-disputed debt for all loans owed to Health Carousel, with such discharged debt indicated in the Class Data to be produced by Health Carousel.

34.     Health Carousel represents, to its actual knowledge, that it has never communicated any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they

want to leave before their Commitment Period has been completed. Health Carousel agrees that it will never communicate any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they want to leave before their Commitment Period has been completed. For avoidance of doubt, this subsection does not prohibit Health Carousel from separately fulfilling any immigration-related reporting obligations to the federal government, including obligations associated with H-1B or other temporary visas.

**B.    SUNSETTING NON-MONETARY RELIEF**

35.    Settlement Class Members who are current employees in the Passport USA program of Health Carousel as of February 15, 2024, will receive the benefit of the following non-monetary relief:

    a.    For workers who fail to complete their Commitment Period, Health Carousel shall only be able to recover actual costs and expenses, including Health Carousel's quantifiable expenses for the benefit of the employee, consistent with the FLSA and other applicable law.

    b.    Before it begins any collection efforts, Health Carousel shall provide the employee an itemized list of the expenses it has actually incurred and is seeking to recover. Health Carousel will then pro-rate the expenses according to the number of hours the employee worked for Health Carousel, relative to the employee's Commitment Period. Health Carousel shall not collect any amounts exceeding the prorated expenses.

36.    For three years following the date of Final Approval unless Health Carousel is otherwise obligated to take action by law, a court, or governmental agency, for all newly executed Passport USA contracts:

10

a.      The Commitment Period will be defined to include all regular-time, overtime, and orientation hours; and

b.      Health Carousel's liquidated damages provision will be replaced with a provision outlining what is allowed in paragraph 35 above.

## C.      MONETARY RELIEF

37.      Defendant shall pay the Gross Settlement Amount of six million fifty thousand dollars ($6,050,000), which shall be reduced by any Court-awarded amounts to arrive at the Net Settlement Fund.

38.      The Net Settlement Fund shall be allocated to Group A Settlement Class Members as follows:

a.      Group A Settlement Class Members who completed their contract with Health Carousel as of February 15, 2024, shall each receive an equal amount based on gross allocations of $2,000 each. These employees shall not be eligible to receive the payment described in paragraph 38(b) below.

b.      Group A Settlement Class Members who are current employees in the Passport USA program and working in the United States as of February 15, 2024, shall each receive an equal amount based on gross allocations of $1,000 each. These employees shall not be eligible to receive the payment described in paragraph 38(a) above. To be clear, anyone who had completed their Commitment Period as of February 15, 2024 is not considered a current employee under this Agreement.

c.      The pool of money remaining in the Net Fund after the allocations in paragraph 38(a) and 38(b) are made, shall be allocated to Group A Settlement Class Members who as of February 15, 2024, paid Health Carousel money in

connection with terminating their employment. Specifically, the remaining pool of money shall be divided pro rata based on the amount each Group A Settlement Class Member paid Health Carousel and then rebalanced to decrease the pro rata amounts by 30% for Group A Settlement Class Members who do not opt into the Settlement Collective. Before any payments are made, however, the actual amount of payroll taxes associated with each payment described in this subsection (c) shall be returned to Health Carousel for payment to the applicable taxing authority. The total amount of such money returned to Health Carousel shall be capped at $20,000 and, to the extent Health Carousel has tax obligations above $20,000, no further portion of the Gross Settlement Fund will be used to satisfy those obligations.

39. The parties shall work in good faith to resolve any issues regarding missing data or similar issues necessary to accurately allocate funds.

40. <u>Attorneys' Fees, Litigation Expenses, Administrative Expenses.</u> Class Counsel intend to apply to the Court for an award of attorneys' fees not to exceed $2,016,666, which is one-third of the Gross Settlement Amount, litigation expenses not to exceed $80,000, costs of the Settlement Administrator not to exceed $43,092. Class Counsel on behalf of themselves and the Class Representative may seek less than the amounts stated. Health Carousel reserves the right to oppose any requested awards after service of the forthcoming fee petition. Any Court-awarded amounts shall be paid from the Gross Settlement Amount and not in addition to it. In the event the Settlement does not receive Final Approval, Class Counsel shall bear the costs of the Settlement Administrator incurred through the date the Settlement is denied. If the provision in paragraph 55

is triggered and Health Carousel withdraws from this Settlement, Health Carousel will bear the costs the Settlement Administrator incurred through the date of Health Carousel's withdrawal.

    41.    <u>Contested Service Payments to Class Representatives</u>. The Class Representatives, through Class Counsel, intend to apply to the Court for service awards in an amount not to exceed $10,000 for Novie Carmen, and in an amount not to exceed $5,000 each for Jerlin Amistoso and Kersteen Flores. Health Carousel does not agree that the Class Representatives should receive service awards. Accordingly, Health Carousel may file an opposition to the request for service awards after receipt of Class Representatives' petition for the same.

13

**D.** **TAXES**

42.     Health Carousel shall cause the Settlement Administrator to issue a Form 1099 for the net amount each Group A Settlement Class Member receives under paragraphs 38(a) and 38(b) above and for the net amount each Group A Settlement Class Member who does not also become a Settlement Collective Member receives under paragraph 38(c) above.

43.     Health Carousel shall cause the Settlement Administrator to issue a Form W-2 and Form 1099 to each Settlement Collective Member based on each person's net pre-tax amount, with 50% of each Collective Member's amount reported on a Form W-2 and the remaining 50% reported on a Form 1099.

44.     Health Carousel shall cause the Settlement Administrator to issue a Form 1099 for any Court-awarded amounts.

45.     Nothing in this Agreement shall be construed as Defendant, defense counsel, or Class Counsel providing any Settlement Class or Collective Member any advice on the payment of taxes or the tax consequences of any portion of this Settlement.

## NOTICE AND RELATED PROCESSES

**A.**     **NOTICE, WEBSITE, AND PHONE SUPPORT**

46.     Within twenty-one (21) days of Preliminary Approval, the Settlement Administrator shall distribute the Postcard Notice by first class U.S. Mail to Settlement Class Members.

47.     The Settlement Administrator shall distribute the FLSA Reminder Postcard twenty-one (21) days after the Postcard Notice is initially mailed.

48.     Prior to mailing any Postcard Notice, the Settlement Administrator shall use appropriate systems to verify and/or update the addresses for Settlement Class

14

Members.

49.     Should any Postcard Notice be returned, the Settlement Administrator shall re-mail the Postcard Notice to the forwarding address, if any, and, if no forwarding address was provided, use any other legally available resource for the purpose of finding new addresses and remailing.

50.     If necessary, the Settlement Administrator may attempt to contact any Settlement Class Members by telephone to obtain mailing information to facilitate notice.

51.     The Settlement Website will "go live" on the date that the Postcard Notice is mailed. The Settlement Website shall:

    a.     Include Long Form Notices;

    b.     Provide Settlement Class Members with information about updating their contact information;

    c.     Contain copies of the pleadings in this matter, including the operative complaint, Defendant's Answer, this Agreement, Class Counsel's fee petition, and copies of any orders issued by the Court in connection with this Settlement, after they are filed;

    d.     Provide a tollfree number through which questions can be directed to the Settlement Administrator;

    e.     Allow eligible Group A Settlement Class Members to opt into the Settlement Collective;

    f.     Allow Group A Settlement Class Members to elect their method of payment if they do not wish to receive funds electronically to the last account they provided to Health Carousel for direct deposit;

g.      Absent agreement by the parties, not be taken down until the date on which any remaining Settlement funds are sent to state unclaimed fund departments; and

h.      Be updated as appropriate regarding developments in the Litigation, such as the establishment of new deadlines by the Court or the filing of an appeal.

52.      The Settlement Administrator will provide Class Counsel and Defendant with a sworn statement or declaration describing its efforts in the notice process, to be provided to the Court when the Parties seek final approval of the Settlement.

53.      The Settlement Administrator will prepare and post all notices to the Settlement Website other than CAFA notice.

## B.    OBJECTION AND OPT-OUT REQUIREMENTS

54.      <u>Right to Opt Out</u>: All Settlement Class Members will have the right to be excluded from, *i.e.*, to "opt out" of, the Settlement Class. On or before the Opt-Out Deadline, each Settlement Class Member who elects to opt out of the Settlement must send, by first class U.S. mail, written notice addressed to the Settlement Administrator indicating his or her name and address and stating that he or she desires to opt out of the Settlement or otherwise does not want to participate in the Settlement. Any Settlement Class Member who does not timely (as measured by the postmark on that individual's written notice) opt out of the Settlement by written notice correctly directed to the Settlement Administrator and containing the requisite information shall remain a member of the Settlement Class and shall be bound by any orders of the Court about the Settlement or the Settlement Class.  In no event shall Settlement Class Members who purport to opt out of the Settlement as a group, aggregate, collective, or class involving more than one Settlement Class Member be considered a successful opt out.  Any Settlement Class Member who

fails to timely and validly opt out of the Settlement Class under this Agreement shall be bound by the terms of this Settlement.

55.     If the number of Settlement Class Members who opt out exceeds 20% of the total number of class members, Health Carousel, in its sole and absolute discretion, shall have the right to terminate this settlement. Health Carousel shall advise Plaintiffs' Counsel and the Court, in writing, before the date required for the parties to move for Final Approval. In such event, the parties shall be returned to their respective positions as of December 21, 2023, and this Agreement may not be offered or received into evidence or used for any other purpose in the Litigation or in any other action, suit, or proceeding.

56.     Objections: Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator no later than the Objections Deadline. The Settlement Administrator shall transmit the objection to Class Counsel and Defendant's counsel, within one (1) business day of receipt. The objection must state the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Settlement Class Member making the objection; and a statement of whether the Settlement Class Member intends to appear at the fairness hearing, either with or without counsel. In addition, any objection must be personally signed by the Settlement Class Member and, if represented by counsel, then by counsel. Any Settlement Class Member who fails to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement. No Settlement Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Court's Final Approval Order or Final Judgment

17

except by filing and serving written objections in accordance with the provisions of this Agreement. Any Settlement Class Member who fails to object in the manner prescribed shall be deemed to have waived and shall be foreclosed forever from raising any objections to the Settlement. Class Counsel and Defendant agree that no payments or other consideration shall be provided to any objector or to counsel for any objector to the Settlement in connection with the objector withdrawing an objection, foregoing the right to appeal an objection, or withdrawing an appeal unless such payment is disclosed to and approved by the Court.

## CLASS AND COLLECTIVE CERTIFICATION

57.     The Parties stipulate to class certification of the Group A and B Settlement Classes pursuant to Fed. R. Civ. P. 23 for purposes of settlement only.

58.     The Parties stipulate to the issuance of notice of the right to opt into the FLSA Collective for settlement purposes only. The Parties further stipulate that, with their final approval papers, they will move certification of the Settlement Collective as defined above for purposes of settlement only.

## MUTUAL RELEASE OF CLAIMS

59.     <u>Release by Class Members.</u> On the Effective Date and unless otherwise specified in this Agreement, each Settlement Class Member who did not opt out of the Settlement shall release and forever discharge Health Carousel from any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, causes of action, and defenses to causes of action of every kind, nature, and character, which Settlement Class Member had, has, or will have for events occurring from the beginning of time through February 15, 2024 *that were or could have been raised in this case given the facts alleged in the operative complaint*. This provision is binding on each Settlement Class Member's

18

present, former, and future administrators, guardians, agents, assigns, attorneys, executors, heirs, partners, spouses, family members, insurers, predecessors-in-interest and successors, and all those acting or purporting to act on their behalf.

60. Settlement Collective Release: On the Effective Date and unless otherwise specified in this Agreement, all claims against Health Carousel under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* shall be released by those Collective Members who opt into the Settlement. The release shall cover claims through February 15, 2024.

61. Mutual Release for and by Class Representatives. On the Effective Date and unless otherwise specified in this Agreement, Health Carousel shall release and forever discharge each Class Representative, her dependents, heirs, executors, successors, and assigns, from any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, and causes of action of every kind, nature, and character, which Health Carousel had, has, or will have up to and including through February 15, 2024, whether known or unknown, suspected or unsuspected, including, without limitation, the claims in the Litigation, any claims or causes of actions of alleged tortious, wrongful, unlawful, and/or improper acts and/or conduct and/or any discriminatory events, acts, patterns, and/or practices as well as the continuing or future effects thereof arising under state or federal law. And on the Effective Date unless otherwise specified in this Agreement, the Class Representatives shall release and forever discharge Health Carousel from any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, and causes of action of every kind, nature, and character, which Class Representative had, has, or will have up to and including through February 15, 2024, whether known or unknown, suspected or unsuspected, including, without limitation, the claims in the Litigation, any claims or

causes of actions of alleged tortious, wrongful, unlawful, and/or improper acts and/or conduct and/or any discriminatory events, acts, patterns, and/or practices as well as the continuing or future effects thereof arising under state or federal law.

### NO ADMISSION OF LIABILITY, PRESS, AND NON-DISCLOSURE

62.     No Admission of Liability. Defendant's agreement to this Agreement is not, and should not be construed as, a direct or implied admission or acknowledgment of any wrongdoing, illegality, liability, culpability, or responsibility to any person or party for any conduct or omission, alleged or unalleged, whatsoever. Defendant enters into this Settlement for the purpose of elimination of ongoing contested legal proceedings, repose, savings of expenses and resources, and for no other purposes.

63.     Limits on Discussing Settlement Terms. The Class Representatives and Class Counsel shall not directly or indirectly communicate with the media or any other person, including making or causing any statement to be made in any public or private forum about the Agreement other than communication as required to obtain Final Approval from the Court. Notwithstanding the foregoing, nothing shall prevent the Class Representatives or Class Counsel from speaking with accountants, tax preparers, attorneys, their law firms' personnel, or spouses regarding this Settlement or truthfully responding to any lawful inquiry from a court or government agency.

64.     Limits on Discussing the Litigation. The Class Representatives and Class Counsel shall not directly or indirectly:

    a.      Speak with the media about the Litigation;

    b.      Reference Health Carousel by name on any website other than as to provide case citations to orders in this Litigation or as otherwise provided below;

    c.      Republish any media coverage or social media posting about the Litigation.

20

d. To the extent any media coverage or other public posting about this Litigation is within Class Representatives' control, they will take down/remove such posting within five (5) days of this Agreement being fully executed.

e. To the extent any media coverage or other statement about Health Carousel is on any website maintained or run by Class Counsel, they will take down/remove such posting within five (5) days of this Agreement being fully executed.

f. Notwithstanding the foregoing, nothing shall prevent the Class Representatives or Class Counsel from speaking with accountants, tax preparers, attorneys, their law firms' personnel, or spouses regarding this Litigation or truthfully responding to any lawful inquiry from a court or government agency. Class Counsel shall also be permitted to cite and discuss the Litigation in any court filings or continuing legal education presentations.

65. To the extent Health Carousel becomes aware of any posting or statement inconsistent with paragraphs 63 or 64 above after five (5) days of this Agreement being fully executed, it shall notify Class Counsel, who shall promptly take steps to cure the issue.

**<u>TIMING OF BRIEFING, FINAL FAIRNESS HEARING, AND PAYMENTS</u>**

66. The parties shall endeavor to move for preliminary settlement approval by March 20, 2024.

67. Any motion for Court-awarded amounts described in paragraphs 40 and 41 above shall be filed no later than fourteen (14) days before the Opt-Out Deadline.

68. The parties shall move for final settlement approval no later than thirty (30) days following the Opt-Out Deadline and shall jointly request a fairness hearing as soon as is practicable.

69.     No later than five (5) business days following the Effective Date, Defendant shall transmit the Gross Settlement Amount to the Settlement Administrator, which amount the Settlement Administrator shall maintain as a Qualified Settlement Fund pursuant to paragraph 12 above.

70.     As soon as is practicable but no later than fourteen (14) days following receipt of the Gross Settlement Amount, the Settlement Administrator shall distribute payments as described above in paragraphs 38 and, if applicable, 41 to Class and Collective Members and shall wire from the Qualified Settlement Fund to Class Counsel any approved attorneys' fees and litigation expenses.

71.     If any funds remain unaccepted/unclaimed thirty (30) days after the Payment Acceptance Reminder is sent, the Settlement Administrator shall deposit each person's share of unaccepted funds with the applicable state agency in charge of unclaimed property.

### JURISDICTION AND SETTLEMENT CONTINGENT ON APPROVAL

72.     <u>Jurisdiction</u>: The Parties shall request that the Court retain jurisdiction to enforce the Settlement Agreement.

73.     <u>Settlement Contingent on Final Approval</u>: This Settlement is contingent upon final approval of a class action settlement on behalf of the Settlement Class and Collective described herein.

74.     This Agreement shall terminate and be of no further force or effect without any further action by the Parties if (i) the United States District Court for the Southern District of Ohio determines not to grant preliminary or final approval of the Class Settlement; and (ii) the Parties do not agree to any changes to the Settlement required by the District Court for approval or are

unable or do not agree to obtain reconsideration and reversal or appellate review and reversal of any adverse decision by the District Court regarding the Settlement.

75.     Upon final approval of this Agreement by the Court, the Litigation will be dismissed with prejudice in its entirety through the Final Approval Order described in paragraph 10 above.

76.     Settlement Modification: The Parties may agree by stipulation executed by counsel to modify the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court about the contents of such exhibits without the need to further amend this Agreement. Any stipulation modifying the Settlement must be filed with the Court and is subject to the Court's approval.

## MISCELLANEOUS

77.     Authority: The signatories below represent they are fully authorized to enter into this Agreement and to bind the Parties and the Settlement Class Members.

78.     Best Reasonable Efforts and Mutual Full Cooperation: The Parties agree to fully cooperate with one other to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties to this Agreement will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms set forth in it and to ensure that checks are mailed and credits made to Settlement Class Members in a timely manner.

79.     Entire Agreement: This Agreement, together with its exhibits, constitutes the full and entire agreement among the Parties with regard to the subject matter and supersedes all prior

representations, agreements, promises, or warranties, written, oral, or otherwise. No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in or attached to this Agreement.

80. <u>Binding</u>: This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

81. <u>Construction</u>: The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the Parties and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or the party's counsel participated in the drafting of this Agreement.

82. <u>Construction of Captions and Interpretations</u>: Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

83. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court. This Agreement shall become binding upon its execution by the Class Representatives, Defendant's authorized representative, and counsel.

IN WITNESS WHEREOF the Parties and their counsel have caused this Agreement to be duly executed.

_____ 06/04/2024
Novie Dale Carmen          Date
Plaintiff and Proposed
Class and Collective Representative

_____ 06/03/2024
Jerlin Amistoso            Date
Plaintiff and Proposed
Class Representative

_____ 06/04/2024
Kersteen Flores            Date
Plaintiff and Proposed
Class Representative

_____
Anna P. Prakash, MN Bar No. 0351362*    Date
Joshua R. Cottle, NY Bar No. 5914676*
**NICHOLS KASTER, PLLP**
aprakash@nka.com
jcottle@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878

Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
bderose@barkanmeizlish,com
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221

Bryce Ashby, TN Bar No. 026179*
**DONATI LAW**
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500

David H. Seligman, CO Bar No. 49394*

_____ _____
Jonathan Kukulski          Date
Executive Vice President &
General Counsel
Health Carousel, LLC

_____ _____
Beth A. Bryan (0082076)    Date
Spencer S. Cowan (0099556)
Russell S. Sayre (0047125)
Kenneth A. Foisy (0095904)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9460
Facsimile: (513) 381-0205
bryan@taftlaw.com
scowan@taftlaw.com
_ATTORNEYS FOR HEALTH CAROUSEL, LLC_

25

_____     _____
Novie Dale Carmen          Date
Plaintiff and Proposed
Class and Collective Representative

_____     _____
Jerlin Amistoso            Date
Plaintiff and Proposed
Class Representative

_____     _____
Kersteen Flores            Date
Plaintiff and Proposed
Class Representative

_____     _____
Anna P. Prakash, MN Bar No. 0351362*   Date
Joshua R. Cottle, NY Bar No. 5914676*
**NICHOLS KASTER, PLLP**
aprakash@nka.com
jcottle@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878

Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
bderose@barkanmeizlish,com
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221

Bryce Ashby, TN Bar No. 026179*
**DONATI LAW**
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500

David H. Seligman, CO Bar No. 49394*

_Jonathan D. Kukulski_   June 3, 2024
_____     _____
Jonathan Kukulski          Date
Executive Vice President &
General Counsel
Health Carousel, LLC

_____     _____
Beth A. Bryan (0082076)    Date
Spencer S. Cowan (0099556)
Russell S. Sayre (0047125)
Kenneth A. Foisy (0095904)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9460
Facsimile: (513) 381-0205
bryan@taftlaw.com
scowan@taftlaw.com
_ATTORNEYS FOR HEALTH CAROUSEL, LLC_

| | |
|---|---|
| Novie Dale Carmen | Date |

Novie Dale Carmen     Date
Plaintiff and Proposed
Class and Collective Representative

Jerlin Amistoso     Date
Plaintiff and Proposed
Class Representative

Kersteen Flores     Date
Plaintiff and Proposed
Class Representative

*Anna P. Prakash*      6/3/24

Anna P. Prakash, MN Bar No. 0351362*  Date
Joshua R. Cottle, NY Bar No. 5914676*
**NICHOLS KASTER, PLLP**
aprakash@nka.com
jcottle@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878

Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
bderose@barkanmeizlish,com
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221

Bryce Ashby, TN Bar No. 026179*
**DONATI LAW**
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500

David H. Seligman, CO Bar No. 49394*

Jonathan Kukulski     Date
Executive Vice President &
General Counsel
Health Carousel, LLC

Beth A. Bryan (0082076)    Date
Spencer S. Cowan (0099556)
Russell S. Sayre (0047125)
Kenneth A. Foisy (0095904)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9460
Facsimile: (513) 381-0205
bryan@taftlaw.com
scowan@taftlaw.com
*ATTORNEYS FOR HEALTH CAROUSEL, LLC*

25

_____     _____
Novie Dale Carmen          Date
Plaintiff and Proposed
Class and Collective Representative


_____     _____
Jerlin Amistoso            Date
Plaintiff and Proposed
Class Representative


_____     _____
Kersteen Flores            Date
Plaintiff and Proposed
Class Representative


_____     _____
Anna P. Prakash, MN Bar No. 0351362*   Date
Joshua R. Cottle, NY Bar No. 5914676*
**NICHOLS KASTER, PLLP**
aprakash@nka.com
jcottle@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878


Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
bderose@barkanmeizlish.com
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221


Bryce Ashby, TN Bar No. 026179*
**DONATI LAW**
bryce@donatilaw.com
1545 Union Avenue
Memphis, TN 38104
Phone: (901) 209-5500


David H. Seligman, CO Bar No. 49394*

_____     _____
Jonathan Kukulski          Date
Executive Vice President &
General Counsel
Health Carousel, LLC


_____     _____
Beth A. Bryan (0082076)     Date
Spencer S. Cowan (0099556)
Russell S. Sayre (0047125)
Kenneth A. Foisy (0095904)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9460
Facsimile: (513) 381-0205
bryan@taftlaw.com
scowan@taftlaw.com
*ATTORNEYS FOR HEALTH CAROUSEL, LLC*

25

Valerie Collins, MD Bar*
**TOWARDS JUSTICE**
david@towardsjustice.org
PO Box 371680
PMB 44465
Denver, CO 80237-5680
Phone: (720) 295-1672

Jennifer Dale Bennett CA Bar No. 296726*
**GUPTA WESSLER, PLLC**
jennifer@guptawessler.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Phone: (415) 573-0336
Fax: (202) 888-7792

*COUNSEL FOR PLAINTIFFS*
*PROPOSED CLASS AND COLLECTIVE COUNSEL*
*admitted *pro hac vice*

# EXHIBIT 1

**PROPOSED FINAL APPROVAL ORDER**

`

132101784v1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Novie Dale Carmen, Jerlin C. Amistoso, and Kersteen B. Flores, individually and as Representatives of the Classes, | Case No. 1:20cv00313<br>Judge Douglas R. Cole |
| Plaintiffs, | |
| v. | |
| Health Carousel, LLC, | |
| Defendant. | |

**[PROPOSED] FINAL APPROVAL ORDER**

Based on the Motion for Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, IT IS HEREBY ORDERED:

1.     The Settlement Agreement, dated [DATE], including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Classes certified under Federal Rule of Civil Procedure 23 for settlement purposes in this Court's Preliminary Approval Order:

> <u>Group A Settlement Class</u>: all healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; (2) completed their Commitment Period; or (3) are current employees. Group A Settlement Class Member shall mean a member of the Group A Settlement Class.

1

Group B Settlement Class: all healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages"; or (2) are current employees. Group B Settlement Class Member shall mean a member of the Group B Settlement Class.

and of the following Collective under 29 U.S.C. § 216(b) for settlement purposes in this

Court's Preliminary Approval Order:

Settlement Collective: Group A Settlement Class Members who paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period and who timely opt into the FLSA portion of this Settlement.

3.      The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Class Counsel on behalf of Class Representatives and the Settlement Classes and Defense Counsel on behalf of Health Carousel. The Court further finds that counsel for the Parties are experienced class action lawyers who vigorously asserted the positions of their respective clients.

4.      The Court hereby finds and concludes that notice of this action and the opportunity to opt-out of or object to the settlement was disseminated to members of the Settlement Classes in accordance with applicable law, as well as the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Federal Rule of Civil Procedure 23, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Classes who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement and this Order.

2

6.  The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Classes and Collective Members in accordance with applicable law, and directs its immediate consummation pursuant to its terms and conditions. Specifically, based on the submissions by the Parties with their Motions for Preliminary and Final Settlement Approval, the Court finds:

a.  That the Class Representative and Class Counsel have at all times adequately represented the class;

b.  That the settlement is the product of extensive, arm's-length negotiations;

c.  That the settlement provides adequate relief for the Class Members, taking into account (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims; and (3) the terms of any proposed award of attorneys' fees, including timing of payment; and

d.  That the settlement treats Class Members equitably relative to each other.

7.  Additionally, the Court finds that the settlement is fair, reasonable, and adequate based on: (a) the complexity and duration of the litigation; (b) the stage of the proceedings; (c) the risk of establishing liability; (d) the risk of establishing damages; (e) the risk of maintaining a class action; (f) the reasonableness of the settlement in light of the best recovery; (g) the range of reasonableness of the settlement in light of all the attendant risks of litigation; and (h) the reaction of the Class, as well as the absence of fraud or collusion and the opinions of Class Counsel and the Class Representative

132101784v1

8.      The Court approves Class Counsel's application for $_____ in attorneys' fees and $_____ in out-of-pocket litigation expenses. The Court, having reviewed the arguments for and against service payments, [decision of the Court]. The Court also approves the payment of $\_\_\_\_\_ to the Settlement Administrator.[1] These amounts shall be paid from the Gross Settlement Amount. The Court finds that the requested attorneys' fees are in line with the Parties' Settlement Agreement, and are reasonable in light of: (a) the time and labor required, the novelty, complexity, difficulty of the questions involved, and the skill requisite to perform the legal service properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (d) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (e) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; (h) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation; and (i) Class Counsel's lodestar. The Court further finds that the costs and administrative expenses requested are in line with the Parties' Settlement Agreement and are reasonable and relevant to the litigation.

9.      As to service payments, the Court [reasoning of the Court].

---

[1 The requested amounts will be filled with the forthcoming fee petition and this proposed order with those amounts resubmitted at that time.]

4

132101784v1

10. The Court orders that all Settlement Class Members hereby release all claims released by the Settlement Agreement and that this Final Approval Order will operate as *res judicata* as to all claims released by the Settlement Agreement.

11. The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

12. This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment that is binding on the Parties and the Settlement Classes and Collective. The Clerk of the Court is directed to enter this Order on the docket forthwith.


Dated:_____                    _____
                                             Honorable Douglas Cole
                                             United States District Court Judge

132101784v1

# FIRST AMENDED EXHIBIT 2

## PROPOSED LONG FORM NOTICE FOR CURRENT EMPLOYEES IN THE PASSPORT USA PROGRAM

# NOTICE FOR CURRENT EMPLOYEES IN THE PASSPORT USA PROGRAM
## United States District Court for the Southern District of Ohio
### *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313

- This is a Court authorized notice of a proposed Settlement in a class action.

- You are NOT being sued, and this Settlement does NOT have any impact on your employment or immigration status.

- This notice describes the legal rights and options for Passport USA workers who, ***as of February 15, 2024***, were current Health Carousel employees in the Passport USA program. If this does not describe you, please click here to find the notice that applies to you. To be clear, if you had completed your Commitment Period as of February 15, 2024, you are not considered a current employee for the purpose of this Settlement.

- The proposed Settlement resolves the lawsuit against Health Carousel. But this settlement is NOT an admission of any wrongdoing whatsoever. Health Carousel agreed to this Settlement to save resources from ongoing contested legal proceedings and for no other purpose.

- Your rights and options—and the deadlines to exercise them—are explained in the following chart and in this Notice. **Please review the chart and this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If the Court approves this Settlement, you will receive a settlement payment via deposit to the bank account number you provided Health Carousel for direct deposit of your paychecks. If your account is no longer open or you would like to receive payment a different way, please see the "Elect Payment Method" box.<br><br>The amount you receive will be approximately $628 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount you receive could be higher. You will not have to pay the lawyers out-of-pocket.<br><br>You will also benefit from Health Carousel's changed practices. If you do not complete your Commitment Period, you will owe Health Carousel the prorated amount of its actual costs and expenses, including Health Carousel's quantifiable expenses for your benefit, consistent with federal wage and other law. Other changes Health Carousel is making are described below in paragraph 6.<br><br>You will give up the right to sue Health Carousel for claims released through this Settlement. Please see paragraph 9 below. |
| Elect Payment Method | If you do not want to receive your settlement amount by direct deposit, you must elect a different payment method by clicking here or contacting the Settlement Administrator at [email] or [phone]. |
| Exclude Yourself | This is the only option that allows you to try to bring your own case or be part of any other lawsuit or legal action against Health Carousel about the matters released in this Settlement. But you will not receive any payment in this Settlement or the benefit of the changes described above. See paragraphs 10-12 below. |
| Object | You may object to the Settlement. You cannot object if you exclude yourself. See paragraphs 15-16 below. |
| Attend Hearing | You may ask to speak in Court about the fairness of the Settlement. See paragraphs 17-19 below. |

**For more information, you may contact the Settlement Administrator at [email] or [phone] or the lawyers representing the healthcare workers at [email] or [phone].**

## **TABLE OF CONTENTS**

Basic Information ................................................................................................................x

1.      Why did I get this Notice? ........................................................................................X

2.      What is the Litigation about? ....................................................................................X

3.      What are class and collective actions? ......................................................................X

4.      Why is there a Settlement? .......................................................................................X

Who Is In The Settlement ...................................................................................................x

5.      How do I know if I am part of the Settlement? .........................................................X

The Settlement Benefits – What You Get ..........................................................................x

6.      What does the Settlement provide? ...........................................................................X

7.      How can I get a payment? .........................................................................................X

8.      When would I get my payment? ...............................................................................X

9.      What am I giving up to stay in the Settlement Class? ...............................................X

10.    How do I get out of the Settlement? .........................................................................X

11.    If I don't exclude myself, can I sue Health Carousel for the same thing later? .........X

12.    If I exclude myself, can I get benefits from this Settlement? ....................................X

The Lawyers Representing You ...........................................................................................x

13.    Do I have a lawyer in this case? ...............................................................................X

14.    How will the lawyers and the Class Representative be paid? ....................................X

Objecting to The Settlement ...............................................................................................x

15.    How do I tell the Court that I don't like the Settlement? ...........................................X

16.    What's the difference between objecting and excluding yourself? .............................X

17.    Where and when will the Court decide whether to approve the Settlement? .............X

18.    Do I have to come to the hearing? ............................................................................X

19.    May I speak at the hearing? ......................................................................................X

Getting More Information ....................................................................................................x

20.    Are there more details about the Settlement? ...........................................................X

21.    How do I get more information? ...............................................................................X

| Basic Information |
|:---:|

You may be viewing this notice because you received a shorter notice in the mail. This Notice has been posted because members of the proposed Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of Ohio and the case is known as *Carmen, et al. v. Health Carousel, LLC*, Case No. 1:20cv00313 (the "Litigation").

| 1. Why did I get this Notice? |
|:---|

The Court in this case approved the posting of this Notice so that it could be viewed by potential members of the Settlement Classes. The Settlement Classes are defined below and this notice is meant for the people in the portion of the Groups A and B Settlement Classes **bolded** below.

Group A Settlement Class: **All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024:** (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; (2) completed their Commitment Period; or (3) **are current employees in the Passport USA program.**

Group B Settlement Class: **All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024:** (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages;" **or (2) are current employees in the Passport USA Program**.

To be clear, if you had completed your Commitment Period as of February 15, 2024, you are not considered a current employee for the purpose of this Settlement.

Class membership is based upon Health Carousel's records. If you are unsure of whether you are in either Settlement Class, you can contact the Settlement Administrator at [email] or [phone].

3

## 2. What is the Litigation about?

A nurse who worked for Health Carousel, Novie Carmen, started this lawsuit against Health Carousel in 2020. A physical therapist named Jerlin Amistoso and another nurse named Kersteen Flores later joined the case. Together, they are called "Plaintiffs" or "Class Representatives."

The Plaintiffs alleged that Health Carousel broke the law by requiring healthcare workers to pay Health Carousel if they left before the end of their Commitment Period and other related alleged conduct. Health Carousel denies that it broke the law or did anything wrong. Please see paragraph 9 below for the specific list of claims brought in this this lawsuit and the claims you would release by participating in this Settlement.

Your interest as a member of the Settlement Classes will be represented by the Class Representatives and Class Counsel. You will be bound by any judgment arising from the Settlement unless you exclude yourself from the settlement.

The Parties are settling the Litigation to avoid the risk and expense of further litigation. The Court has not determined that Health Carousel broke the law or that anyone could recover any certain amount in this Litigation.

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the Litigation.

## 3. What are class and collective actions?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. Class Representatives seek to assert claims on behalf of all members of a class or classes of similarly situated people. By doing this, members of the class can conserve resources by asserting their claims in a single lawsuit.

Similarly, in a collective action lawsuit, Named Plaintiffs seek to assert claims on behalf of other people who may have similar claims. Claims brought as a collective action apply only to claims under federal law and are usually brought under the federal Fair Labor Standards Act, like in this case. In a collective action, only those who join the case by filing or submitting a written consent form are included.

This case was brought as both a class action and a collective action. Lawyers who represent people who file class actions are called "class counsel." To date, the lawyers who brought claims on behalf of the class ("Class Counsel") have not been paid any money for their work and have paid all their expenses out of pocket. They will only be paid if they win the Litigation or if the Court approves the Settlement.

## 4. Why is there a Settlement?

The Court did not decide this lawsuit in favor of anyone. If approved, the Settlement will stop the lawsuit from being litigated any further. If the case continued to be litigated, there is a possibility that Health Carousel would prevail and the Settlement Classes would receive nothing. There is also the possibility that Health Carousel would be required to pay more than it has agreed to pay under the Settlement.

Class Counsel investigated the facts and applicable law regarding the claims and defenses. The parties engaged in lengthy and arms' length negotiations to reach this Settlement. The Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Classes.

Both sides agree that, by settling, Health Carousel is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is in The Settlement

## 5. How do I know if I am part of the Settlement?

If you received a Postcard Notice, Health Carousel's records indicate that you were a current employee as of February 15, 2024. This means that you are a member of one portion of the Group B Settlement Class defined above. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at [email] or [phone].

## The Settlement Benefits—What You Get

## 6. What does the Settlement provide?

Health Carousel has agreed to pay $6,050,000 into a settlement fund. This money will be divided among Group A Settlement Class Members and Group B Settlement Class Members, like you, who were current employees as of February 15, 2024. As a current employee your Settlement benefits are as follows:

The amount you receive will be approximately $628 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount you receive could be higher. You will not have to pay the lawyers out-of-pocket. To be clear, as a current employee, you are not eligible for any other payment under this Settlement.

You will also benefit from Health Carousel's changed practices. If you do not complete your Commitment Period, you will owe Health Carousel the prorated amount of its actual costs and expenses, including Health Carousel's quantifiable expenses for your benefit, consistent with federal wage and other law.

Other changed practices include Health Carousel eliminating its written rule about workplace "gossip," advising prospective employees to consult with an attorney before signing their contract and giving them 30 days to do so and providing an FAQ primer to prospective employees that

describe their rights and obligations under specific vias, including explaining that EB-2 and EB-visas are not tied to a specific employer. Health Carousel also represents that it has never communicated any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they want to leave before their Commitment Period and agrees that it will never will. Finally, Health Carousel has agreed that the Commitment Period in all Passport USA contracts executed after March 18, 2024, shall count regular time, overtime, and orientation hours.  Please note that this Settlement Agreement ***will not change*** the Commitment Period as defined in your Passport USA contract and/or assignment confirmation letter.

*Please note that your payment will be accompanied by a Form 1099. Neither Health Carousel nor Class Counsel are providing you tax advice though this Settlement, so you will be responsible for seeking your own tax and/or accounting advice regarding your tax obligations.*

Other Settlement Class Members who were not current employees as of February 15, 2024, will receive benefits depending on whether they completed their Commitment Period or paid Health Carousel any portion of "liquidated damages" (sometimes called "breach fees"). These benefits are as follows: (1) Group A employees who did not complete their Commitment Period but did pay Health Carousel some or all of the breach fee will each receive between approximately $300 and $5,000 if the Court awards the amount of costs requested, but they could receive a higher amount. People who do not submit a consent form to join the Fair Labor Standards Act portion of this lawsuit will have their amounts reduced by 30%, but will not dip below $300. Health Carousel will also not collect any remaining amounts those class members may owe. (2) Group A employees who completed their Commitment Period will each receive approximately $1,256 if the Court awards the amount of costs requested, but they could receive a higher amount.  (3) Group B employees who, as of February 15, 2024, had left Health Carousel before the end of their Commitment Period but had not paid Health Carousel anything will have any outstanding "liquidated damages" amounts and other debt cancelled. This does not apply to employees who were still employed by Health Carousel as of February 15, 2024.

## 7. How can I get a payment?

Settlement payments will be made via direct deposit to the last bank account number that you provided to Health Carousel for direct deposit. If you would like to receive payment in a different way, such as by check, or if the account you had when you worked with Health Carousel is no longer open, you must elect a new payment method by clicking here or by contacting the Settlement Administrator at [phone] or [email].

## 8. When would I get my payment?

The Court will hold a final approval hearing on [date and time] to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Injunctive relief and payments to members of the Settlement Class will occur only if the Settlement is finally approved. This may take some time, so please be patient.

## 9. What am I giving up to stay in the Settlement Class?

If the Court approves this Settlement, then when the Settlement becomes effective, all Settlement Class Members who have not timely and properly opted out of the Settlement Class will release claims against Health Carousel and its respective present, former and future parents, subsidiaries, affiliates, officers, directors, clients, employees, attorneys, heirs, administrators, executors, insurers, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns under 18 U.S.C. §§ 1589, 1590, 1594, 1962; Ohio Rev. Code §§ 2905.32, 2932.32 and any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, causes of action, and defenses to causes of action of every kind, nature, and character, which Settlement Class Member had, has, or will have for events occurring from the beginning of time through February 15, 2024 *that were or could have been raised in this case given the facts alleged in the operative complaint*. This provision is binding on each Settlement Class Member's present, former, and future administrators, guardians, agents, assigns, attorneys, executors, heirs, partners, spouses, family members, insurers, predecessors-in-interest and successors, and all those acting or purporting to act on their behalf.

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release that are contained in the Settlement Agreement, as well as the operative Complaint and other related documents, please click here.

## 10. How do I get out of the Settlement?

If you choose to be excluded from the Settlement (or "opt out"), you will not be bound by any judgment or other final disposition of the case and you will not receive the relief outlined above in paragraph 6. You will retain any claims against Health Carousel you might have. To opt out, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or before [DATE]**, addressed to:

Atticus Administration LLC
[ADDRESS]
[ADDRESS]

**If the request is not postmarked on or before [DATE], your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, and you will be barred from bringing any claims which arise out of or relate in any way to the claims that were raised or could have been raised in the Litigation, as specified in the release referenced in paragraph 9 above.

## 11. If I don't exclude myself, can I sue Health Carousel later?

No. Unless you exclude yourself, you give up any right to sue Health Carousel and the entities described in described in paragraph 9 for the claims listed above. If you have a pending lawsuit against Health Carousel or any of these entities, you should speak to your lawyer in that case immediately.

**12. If I exclude myself, can I get benefits from this Settlement?**

No. If you exclude yourself, you are not part of the Settlement.

**The Lawyers Representing You**

**13. Do I have a lawyer in this case?**

The Court has appointed Nichols Kaster, PLLP, Towards Justice, Donati Law, PLLC Gupta Wessler, LLP, and Barkan Meizlish DeRose Cox, LLP as Class Counsel.

You may contact them at [email] or [phone]. You may also hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

**14. How will the lawyers and the Class Representative be paid?**

Class Counsel have not been paid anything for their representation of the Settlement Class and Collective to date. Also, they have paid all the expenses of litigation out of their own pockets. If they were to lose the case, they would be paid nothing.

In connection with this Settlement, Class Counsel intend to apply to the Court for an award of:

- Attorneys' fees, in an amount not to exceed $2,016,666.

- Out-of-pocket litigation expenses incurred during the Litigation in an amount not to exceed $80,000.

- Service payments for the Class Representatives who started this Litigation in an amount not to exceed $10,000 for Novie Carmen and $5,000 each for Jerlin Amistoso and Kersteen Flores.

- Expenses of the Settlement Administrator not to exceed $43,092.

The request for these costs will be made through a fee petition filed with the Court and posted to the Settlement Website, which you can access through the following QR Code and after entering the requested information: [insert]

The Court will evaluate whether the requests are reasonable. The Court may award less. If awarded by the Court, all of these amounts will be paid out of the settlement fund. You will not owe money out-of-pocket.

8

| **Objecting To The Settlement** |
|---|

| **15. How do I tell the Court that I don't like the Settlement?** |
|---|

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as is. If the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. If you timely object, you may also appear at the final approval hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) state the case name and number *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313; (b) state the basis for and an explanation of the objection; (c) state your name, address, telephone number, and email address (if you have one); (d) state whether you intend to appear at the final approval hearing, either with or without an attorney; (e) be submitted to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your objection in person at that address; *and* (f) have a copy mailed to the Settlement Administrator at [address]. The objection must be signed by you and by your counsel, if you have separate counsel. Your objection must be filed on or before [DATE] and postmarked on or before [DATE].

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

The Parties have agreed and it is a term of the Settlement that no payments will be made to any objector, or any objector's counsel, without the Court's approval. The Parties' Agreement further requires the Court to approve any payments made in connection with an objector withdrawing or dismissing an appeal.

| **16. What's the difference between objecting to the settlement and excluding yourself from it?** |
|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

| **17. Where and when will the Court decide whether to approve the Settlement?** |
|---|

There will be a final approval hearing to consider approval of the proposed Settlement on [date, time and location]. The hearing may be conducted virtually or postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and Final Judgment should be

entered approving the proposed Settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and costs, the amount proposed for the Class Representatives, and the amount for the Settlement Administrator.

You will be represented at the final approval hearing by Class Counsel, unless you object or choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the hearing.

## 18. Do I have to come to the hearing?

No. Class Counsel will represent the Settlement Class and Collective at the final approval hearing, but you are welcome to come at your own expense. If you submit any objection, you do not have to come to Court to talk about it, but you may do so if you wish. You may also pay your own lawyer to attend, if you wish.

## 19. May I speak at the hearing?

Although you do not have to attend or speak at the final approval hearing, you may ask the Court for permission to speak at the hearing if you want to. To do so, you must submit your notice of intention to appear at the hearing to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your notice of intention to appear in person at that address. You cannot speak at the hearing if you exclude yourself.

## Getting More Information

## 20. Are there more details about the Settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the Litigation or the Settlement, you may refer to the papers filed in this case. They are available during regular business hours at the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202 for the case *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313. The full Settlement Agreement and certain pleadings filed in the case can be requested from the Settlement Administrator by calling [phone] or emailing [email]. You can also access them through the following QR code after entering the requested information: [insert]

## 21. How do I get more information?

You may contact the Settlement Administrator at [email] or [phone], or contact Class Counsel at [email] or [phone]. **Please do not contact the Court for information.**

# FIRST AMENDED EXHIBIT 3

# PROPOSED LONG FORM NOTICE FOR EMPLOYEES WHO COMPLETED THEIR COMMITMENT PERIOD

**NOTICE FOR EMPLOYEES WHO COMPLETED THEIR COMMITMENT PERIOD**
**United States District Court for the Southern District of Ohio**
*Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313

- This is a Court authorized notice of a proposed Settlement in a class action.

- You are NOT being sued, and this Settlement does NOT have any impact on your employment or immigration status.

- This notice describes the legal rights and options for Passport USA workers who, *as of February 15, 2024*, had completed their Commitment Period. If this does not describe you, please click here to find the notice that applies to you.

- The proposed Settlement resolves the lawsuit against Health Carousel. But this settlement is NOT an admission of any wrongdoing whatsoever. Health Carousel agreed to this Settlement to save resources from ongoing contested legal proceedings and for no other purpose.

- Your rights and options—and the deadlines to exercise them—are explained in the following chart and in this Notice. **Please review the chart and this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If the Court approves this Settlement, you will receive a settlement payment via deposit to the bank account number you provided Health Carousel for direct deposit of your paychecks. If your account is no longer open or you would like to receive payment a different way, please see the "Elect Payment Method" box. |
| | The amount you receive will be approximately $1,256 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount you receive could be higher. You will not have to pay the lawyers out-of-pocket. |
| | You will give up the right to sue Health Carousel for claims released through this Settlement. Please see paragraph 9 below. |
| Elect Payment Method | If you do not want to receive your settlement amount by direct deposit, you must elect a different payment method by clicking here or contacting the Settlement Administrator at [email] or [phone]. |
| Exclude Yourself | This is the only option that allows you to try to bring your own case or be part of any other lawsuit or legal action against Health Carousel about the matters released in this Settlement. But you will not receive any payment in this Settlement. See paragraphs 10-12 below. |
| Object | You may object to the Settlement. You cannot object if you exclude yourself. See paragraphs 15-16 below. |
| Attend Hearing | You may ask to speak in Court about the fairness of the Settlement. See paragraphs 17-19 below. |

**For more information, you may contact the Settlement Administrator at [email] or [phone]**
**or the lawyers representing the healthcare workers at [email] or [phone].**

1

## **TABLE OF CONTENTS**

Basic Information .............................................................................................................. x

1. Why did I get this Notice? ........................................................................................ X

2. What is the Litigation about? ................................................................................... X

3. What are class and collective actions? ..................................................................... X

4. Why is there a Settlement? ....................................................................................... X

Who Is In The Settlement .................................................................................................. x

5. How do I know if I am part of the Settlement? ......................................................... X

The Settlement Benefits – What You Get .......................................................................... x

6. What does the Settlement provide? ........................................................................... X

7. How can I get a payment? ......................................................................................... X

8. When would I get my payment? ............................................................................... X

9. What am I giving up to stay in the Settlement Class? ............................................... X

10. How do I get out of the Settlement? .......................................................................... X

11. If I don't exclude myself, can I sue Health Carousel for the same thing later? ......... X

12. If I exclude myself, can I get benefits from this Settlement? .................................... X

The Lawyers Representing You ......................................................................................... x

13. Do I have a lawyer in this case? ............................................................................... X

14. How will the lawyers and the Class Representative be paid? .................................... X

Objecting to The Settlement ............................................................................................. x

15. How do I tell the Court that I don't like the Settlement? .......................................... X

16. What's the difference between objecting and excluding yourself? ............................ X

17. Where and when will the Court decide whether to approve the Settlement? .............. X

18. Do I have to come to the hearing? ............................................................................ X

19. May I speak at the hearing? ...................................................................................... X

Getting More Information .................................................................................................. x

20. Are there more details about the Settlement? ........................................................... X

21. How do I get more information? ............................................................................... X

| Basic Information |
| --- |

You may be viewing this notice because you received a shorter notice in the mail. This Notice has been posted because members of the proposed Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of Ohio and the case is known as *Carmen, et al. v. Health Carousel, LLC*, Case No. 1:20cv00313 (the "Litigation").

| 1. Why did I get this Notice? |
| --- |

The Court in this case approved the posting of this Notice so that it could be viewed by potential members of the Settlement Classes. The Settlement Classes are defined below and this notice is meant for the people in the portion of the Group A Settlement Class **bolded** below.

Group A Settlement Class: **All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024:** (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; **(2) completed their Commitment Period**; or (3) are current employees in the Passport USA program.

Group B Settlement Class: All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages;" or (2) are current employees in the Passport USA program.

To be clear, if you had completed your Commitment Period as of February 15, 2024, you are not considered a current employee for the purpose of this Settlement.

Class membership is based upon Health Carousel's records. If you are unsure of whether you are in either Settlement Class, you can contact the Settlement Administrator at [email] or [phone].

## 2. What is the Litigation about?

A nurse who worked for Health Carousel, Novie Carmen, started this lawsuit against Health Carousel in 2020. A physical therapist named Jerlin Amistoso and another nurse named Kersteen Flores later joined the case. Together, they are called "Plaintiffs" or "Class Representatives."

The Plaintiffs alleged that Health Carousel broke the law by requiring healthcare workers to pay Health Carousel if they left before the end of their Commitment Period and other related alleged conduct. Health Carousel denies that it broke the law or did anything wrong. Please see paragraph 9 below for the specific list of claims brought in this this lawsuit and the claims you would release by participating in this Settlement.

Your interest as a member of the Settlement Classes will be represented by the Class Representatives and Class Counsel. You will be bound by any judgment arising from the Settlement unless you exclude yourself from the settlement.

The Parties are settling the Litigation to avoid the risk and expense of further litigation. The Court has not determined that Health Carousel broke the law or that anyone could recover any certain amount in this Litigation.

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the Litigation.

## 3. What are class and collective actions?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. Class Representatives seek to assert claims on behalf of all members of a class or classes of similarly situated people. By doing this, members of the class can conserve resources by asserting their claims in a single lawsuit.

Similarly, in a collective action lawsuit, Named Plaintiffs seek to assert claims on behalf of other people who may have similar claims. Claims brought as a collective action apply only to claims under federal law and are usually brought under the federal Fair Labor Standards Act, like in this case. In a collective action, only those who join the case by filing or submitting a written consent form are included.

This case was brought as both a class action and a collective action. Lawyers who represent people who file class actions are called "class counsel." To date, the lawyers who brought claims on behalf of the class ("Class Counsel") have not been paid any money for their work and have paid all their expenses out of pocket. They will only be paid if they win the Litigation or if the Court approves the Settlement.

4

## 4. Why is there a Settlement?

The Court did not decide this lawsuit in favor of anyone. If approved, the Settlement will stop the lawsuit from being litigated any further. If the case continued to be litigated, there is a possibility that Health Carousel would prevail and the Settlement Classes would receive nothing. There is also the possibility that Health Carousel would be required to pay more than it has agreed to pay under the Settlement.

Class Counsel investigated the facts and applicable law regarding the claims and defenses. The parties engaged in lengthy and arms' length negotiations to reach this Settlement. The Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Classes.

Both sides agree that, by settling, Health Carousel is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is in The Settlement

## 5. How do I know if I am part of the Settlement?

If you received a Postcard Notice, Health Carousel's records indicate that you completed your Commitment Period. This means that you are a member of one portion of the Group A Settlement Class defined above. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at [email] or [phone].

## The Settlement Benefits—What You Get

## 6. What does the Settlement provide?

Health Carousel has agreed to pay $6,050,000 into a settlement fund. This money will be divided among Group A Settlement Class Members and Group B Class Members who were current employees as of February 15, 2024.

The amount you receive will be approximately $1,256 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount you receive could be higher. You will not have to pay the lawyers out-of-pocket. As someone who completed their Commitment Period, you are not eligible to receive any other payment under this Settlement.

*Please note that your payment will be accompanied by a Form 1099. Neither Health Carousel nor Class Counsel are providing you tax advice though this Settlement, so you will be responsible for seeking your own tax and/or accounting advice regarding your tax obligations.*

Other Settlement Class Members who did not complete their Commitment Periods or who are current employees as of February 15, 2024, will receive benefits depending on whether they completed their Commitment Period or paid Health Carousel any portion of "liquidated damages"

(sometimes called "breach fees"). These benefits are as follows: (1) Group A employees who did not complete their Commitment Period but did pay Health Carousel some or all of the breach fee will each receive between approximately $300 and $5,000 if the Court awards the amount of costs requested, but they could receive a higher amount. People who do not submit a consent form to join the Fair Labor Standards Act portion of this lawsuit will have their amounts reduced by 30%, but will not dip below $300. Health Carousel will also not collect any remaining amounts those class members may owe. (2) Group B employees who, as of February 15, 2024, had left Health Carousel before the end of their Commitment Period but had not paid Health Carousel anything will have any outstanding "liquidated damages" amounts and other debt cancelled. This does not apply to employees who were still employed by Health Carousel as of February 15, 2024. (3) Employees who were current employees as of February 15, 2024, will each receive approximately $628 if the Court awards the amount of costs requested, but they could receive a higher amount. They will also benefit from Health Carousel's changed practices if they do not complete your Commitment Period. These changes include owing Health Carousel the prorated amount of its actual costs and expenses, including Health Carousel's quantifiable expenses for the employee's benefit, consistent with federal wage and other law. Other changed practices include Health Carousel eliminating its written rule about workplace "gossip," advising prospective employees to consult with an attorney before signing their contract and giving them 30 days to do so and providing an FAQ primer to prospective employees that describe their rights and obligations under specific vias, including explaining that EB-2 and EB-visas are not tied to a specific employer. Health Carousel also represents that it has never communicated any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they want to leave before their Commitment Period and agrees that it will never will. Finally, Health Carousel has agreed that the Commitment Period in all Passport USA contracts executed after March 18, 2024, shall count regular time, overtime, and orientation hours.  Please note that this Settlement Agreement ***will not change*** the Commitment Period as defined in any current employee's Passport USA contract and/or assignment confirmation letter.

## 7. How can I get a payment?

Settlement payments will be made via direct deposit to the last bank account number that you provided to Health Carousel for direct deposit. If you would like to receive payment in a different way, such as by check, or if the account you had when you worked with Health Carousel is no longer open, you must elect a new payment method by clicking here or by contacting the Settlement Administrator at [phone] or [email].

## 8. When would I get my payment?

The Court will hold a final approval hearing on [date and time] to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Injunctive relief and payments to members of the Settlement Class will occur only if the Settlement is finally approved. This may take some time, so please be patient.

## 9. What am I giving up to stay in the Settlement Class?

If the Court approves this Settlement, then when the Settlement becomes effective, all Settlement Class Members who have not timely and properly opted out of the Settlement Class will release claims against Health Carousel and its respective present, former and future parents, subsidiaries, affiliates, officers, directors, clients, employees, attorneys, heirs, administrators, executors, insurers, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns under 18 U.S.C. §§ 1589, 1590, 1594, 1962; Ohio Rev. Code §§ 2905.32, 2932.32 and any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, causes of action, and defenses to causes of action of every kind, nature, and character, which Settlement Class Member had, has, or will have for events occurring from the beginning of time through February 15, 2024 *that were or could have been raised in this case given the facts alleged in the operative complaint*. This provision is binding on each Settlement Class Member's present, former, and future administrators, guardians, agents, assigns, attorneys, executors, heirs, partners, spouses, family members, insurers, predecessors-in-interest and successors, and all those acting or purporting to act on their behalf.

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release that are contained in the Settlement Agreement, as well as the operative Complaint and other related documents, please click here.

## 10. How do I get out of the Settlement?

If you choose to be excluded from the Settlement (or "opt out"), you will not be bound by any judgment or other final disposition of the case and you will not receive the relief outlined above in paragraph 6. You will retain any claims against Health Carousel you might have. To opt out, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or before [DATE]**, addressed to:

Atticus Administration LLC
[ADDRESS]
[ADDRESS]

**If the request is not postmarked on or before [DATE], your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, and you will be barred from bringing any claims which arise out of or relate in any way to the claims that were raised or could have been raised in the Litigation, as specified in the release referenced in paragraph 9 above.

## 11. If I don't exclude myself, can I sue Health Carousel later?

No. Unless you exclude yourself, you give up any right to sue Health Carousel and the entities described in described in paragraph 9 for the claims listed above. If you have a pending lawsuit against Health Carousel or any of these entities, you should speak to your lawyer in that case immediately.

## 12. If I exclude myself, can I get benefits from this Settlement?

No. If you exclude yourself, you are not part of the Settlement.

## The Lawyers Representing You

## 13. Do I have a lawyer in this case?

The Court has appointed Nichols Kaster, PLLP, Towards Justice, Donati Law, PLLC Gupta Wessler, LLP, and Barkan Meizlish DeRose Cox, LLP as Class Counsel.

You may contact them at [email] or [phone]. You may also hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 14. How will the lawyers and the Class Representative be paid?

Class Counsel have not been paid anything for their representation of the Settlement Class and Collective to date. Also, they have paid all the expenses of litigation out of their own pockets. If they were to lose the case, they would be paid nothing.

In connection with this Settlement, Class Counsel intend to apply to the Court for an award of:

- Attorneys' fees, in an amount not to exceed $2,016,666.

- Out-of-pocket litigation expenses incurred during the Litigation in an amount not to exceed $80,000.

- Service payments for the Class Representatives who started this Litigation in an amount not to exceed $10,000 for Novie Carmen and $5,000 each for Jerlin Amistoso and Kersteen Flores.

- Expenses of the Settlement Administrator not to exceed $43,092.

The request for these costs will be made through a fee petition filed with the Court and posted to the Settlement Website, which you can access through the following QR Code and after entering the requested information: [insert]

The Court will evaluate whether the requests are reasonable. The Court may award less. If awarded by the Court, all of these amounts will be paid out of the settlement fund. You will not owe money out-of-pocket.

| Objecting To The Settlement |
| --- |

| 15. How do I tell the Court that I don't like the Settlement? |
| --- |

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as is. If the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. If you timely object, you may also appear at the final approval hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) state the case name and number *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313; (b) state the basis for and an explanation of the objection; (c) state your name, address, telephone number, and email address (if you have one); (d) state whether you intend to appear at the final approval hearing, either with or without an attorney; (e) be submitted to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your objection in person at that address; *and* (f) have a copy mailed to the Settlement Administrator at [address]. The objection must be signed by you and by your counsel, if you have separate counsel. Your objection must be filed on or before [DATE] and postmarked on or before [DATE].

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

The Parties have agreed and it is a term of the Settlement that no payments will be made to any objector, or any objector's counsel, without the Court's approval. The Parties' Agreement further requires the Court to approve any payments made in connection with an objector withdrawing or dismissing an appeal.

| 16. What's the difference between objecting to the settlement and excluding yourself from it? |
| --- |

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

| 17. Where and when will the Court decide whether to approve the Settlement? |
| --- |

There will be a final approval hearing to consider approval of the proposed Settlement on [date, time and location]. The hearing may be conducted virtually or postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and Final Judgment should be

entered approving the proposed Settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and costs, the amount proposed for the Class Representatives, and the amount for the Settlement Administrator.

You will be represented at the final approval hearing by Class Counsel, unless you object or choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the hearing.

## 18. Do I have to come to the hearing?

No. Class Counsel will represent the Settlement Class and Collective at the final approval hearing, but you are welcome to come at your own expense. If you submit any objection, you do not have to come to Court to talk about it, but you may do so if you wish. You may also pay your own lawyer to attend, if you wish.

## 19. May I speak at the hearing?

Although you do not have to attend or speak at the final approval hearing, you may ask the Court for permission to speak at the hearing if you want to. To do so, you must submit your notice of intention to appear at the hearing to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your notice of intention to appear in person at that address. You cannot speak at the hearing if you exclude yourself.

## Getting More Information

## 20. Are there more details about the Settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the Litigation or the Settlement, you may refer to the papers filed in this case. They are available during regular business hours at the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202 for the case *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313. The full Settlement Agreement and certain pleadings filed in the case can be requested from the Settlement Administrator by calling [phone] or emailing [email]. You can also access them through the following QR code after entering the requested information: [insert]

## 21. How do I get more information?

You may contact the Settlement Administrator at [email] or [phone], or contact Class Counsel at [email] or [phone]. **Please do not contact the Court for information.**

10

# FIRST AMENDED EXHIBIT 4

## PROPOSED LONG FORM NOTICE FOR FORMER EMPLOYEES WHO PAID HEALTH CAROUSEL SOME OR ALL OF THE "LIQUIDATED DAMAGES" THAT HEALTH CAROUSEL CONTENDS WERE OWED

**NOTICE FOR FORMER EMPLOYEES WHO PAID HEALTH CAROUSEL
SOME OR ALL "BREACH FEES"**
**United States District Court for the Southern District of Ohio**
*Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313

- This is a Court authorized notice of a proposed Settlement in a class action.

- You are NOT being sued, and this Settlement does NOT have any impact on your employment or immigration status.

- This notice describes the legal rights and options for Passport USA workers who, *as of February 15, 2024*, paid Health Carousel some or all "liquidated damages" (sometimes known as "breach fees") for leaving before the end of their Commitment Period. If this does not describe you, please click here to find the notice that applies to you.

- The proposed Settlement resolves the lawsuit against Health Carousel. But this settlement is NOT an admission of any wrongdoing whatsoever. Health Carousel agreed to this Settlement to save resources from ongoing contested legal proceedings and for no other purpose.

- Your rights and options—and the deadlines to exercise them—are explained in the following chart and in this Notice. **Please review the chart and this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If the Court approves this Settlement, you will receive a settlement payment via deposit to the bank account number you provided Health Carousel for direct deposit of your paychecks. If your account is no longer open or you would like to receive payment a different way, please see the "Elect Payment Method" box.<br><br>The amount you will receive will be between approximately $300 and $5,000 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount you receive could be higher. Regardless, your amount will be reduced by 30% if you do not submit a consent form as described in the "Submit a Consent Form" box below. Regardless, you will not have to pay the lawyers out-of-pocket.<br><br>Additionally, Health Carousel will not collect any remaining amounts you may owe.<br><br>You will give up the right to sue Health Carousel for claims released through this Settlement. Please see paragraph 9 below. |
| Elect Payment Method | If you do not want to receive your settlement amount by direct deposit, you must elect a different payment method by clicking here or contacting the Settlement Administrator at [email] or [phone]. |
| Submit a Consent Form | If you submit an Opt-In Form by DATE by clicking here or as explained in paragraph 7 below, you will receive the benefits described above but your amount will *not* be reduced by 30% as described above. You will give up the right to sue Health Carousel for Fair Labor Standards Act claims released through this Settlement. Please see paragraph 9 below. |
| Exclude Yourself | This is the only option that allows you to try to bring your own case or be part of any other lawsuit or legal action against Health Carousel about the matters released in this Settlement. But you will not receive any payment in this Settlement. See paragraphs 10-12 below. |
| Object | You may object to the Settlement. You cannot object if you exclude yourself. See paragraphs 15-16 below. |
| Attend Hearing | You may ask to speak in Court about the fairness of the Settlement. See paragraphs 17-19 below. |

**For more information, you may contact the Settlement Administrator at [email] or [phone]
or the lawyers representing the healthcare workers at [email] or [phone].**

1

## TABLE OF CONTENTS

Basic Information ........................................................................................................... x

1.      Why did I get this Notice? ................................................................................ X

2.      What is the Litigation about? ........................................................................... X

3.      What are class and collective actions? ............................................................ X

4.      Why is there a Settlement? .............................................................................. X

Who Is In The Settlement .............................................................................................. x

5.      How do I know if I am part of the Settlement? ............................................... X

The Settlement Benefits – What You Get ..................................................................... x

6.      What does the Settlement provide? ................................................................. X

7.      How can I get a payment? ............................................................................... X

8.      When would I get my payment? ...................................................................... X

9.      What am I giving up to stay in the Settlement Class? ..................................... X

10.     How do I get out of the Settlement? ............................................................... X

11.     If I don't exclude myself, can I sue Health Carousel for the same thing later? ........ X

12.     If I exclude myself, can I get benefits from this Settlement? ......................... X

The Lawyers Representing You ..................................................................................... x

13.     Do I have a lawyer in this case? ..................................................................... X

14.     How will the lawyers and the Class Representative be paid? .......................... X

Objecting to The Settlement .......................................................................................... x

15.     How do I tell the Court that I don't like the Settlement? ................................. X

16.     What's the difference between objecting and excluding yourself? .................. X

17.     Where and when will the Court decide whether to approve the Settlement? ....... X

18.     Do I have to come to the hearing? .................................................................. X

19.     May I speak at the hearing? ............................................................................ X

Getting More Information .............................................................................................. x

20.     Are there more details about the Settlement? ................................................. X

21.     How do I get more information? ..................................................................... X

| Basic Information |
|---|

You may be viewing this notice because you received a shorter notice in the mail. This Notice has been posted because members of the proposed Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of Ohio and the case is known as *Carmen, et al. v. Health Carousel, LLC*, Case No. 1:20cv00313 (the "Litigation").

| 1. Why did I get this Notice? |
|---|

The Court in this case approved the posting of this Notice so that it could be viewed by potential members of the Settlement Classes. The Settlement Classes are defined below and this notice is meant for the people in the portions of the Group A Settlement Class **bolded** below.

Group A Settlement Class: **All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period;** (2) completed their Commitment Period; or (3) are current employees in the Passport USA program.

Group B Settlement Class: All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages;" or (2) are current employees in the Passport USA program.

To be clear, employees who completed your Commitment Period as of February 15, 2024, are not considered current employees for the purpose of this Settlement.

Class membership is based upon Health Carousel's records. If you are unsure of whether you are in either Settlement Class, you can contact the Settlement Administrator at [email] or [phone].

## 2. What is the Litigation about?

A nurse who worked for Health Carousel, Novie Carmen, started this lawsuit against Health Carousel in 2020. A physical therapist named Jerlin Amistoso and another nurse named Kersteen Flores later joined the case. Together, they are called "Plaintiffs" or "Class Representatives."

The Plaintiffs alleged that Health Carousel broke the law by requiring healthcare workers to pay Health Carousel if they left before the end of their Commitment Period and other related alleged conduct. Health Carousel denies that it broke the law or did anything wrong. Please see paragraph 9 below for the specific list of claims brought in this this lawsuit and the claims you would release by participating in this Settlement.

Your interest as a member of the Settlement Classes will be represented by the Class Representatives and Class Counsel. You will be bound by any judgment arising from the Settlement unless you exclude yourself from the settlement.

The Parties are settling the Litigation to avoid the risk and expense of further litigation. The Court has not determined that Health Carousel broke the law or that anyone could recover any certain amount in this Litigation.

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the Litigation.

## 3. What are class and collective actions?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. Class Representatives seek to assert claims on behalf of all members of a class or classes of similarly situated people. By doing this, members of the class can conserve resources by asserting their claims in a single lawsuit.

Similarly, in a collective action lawsuit, Named Plaintiffs seek to assert claims on behalf of other people who may have similar claims. Claims brought as a collective action apply only to claims under federal law and are usually brought under the federal Fair Labor Standards Act, like in this case. In a collective action, only those who join the case by filing or submitting a written consent form are included.

This case was brought as both a class action and a collective action. Lawyers who represent people who file class actions are called "class counsel." To date, the lawyers who brought claims on behalf of the class ("Class Counsel") have not been paid any money for their work and have paid all their expenses out of pocket. They will only be paid if they win the Litigation or if the Court approves the Settlement.

4

## 4. Why is there a Settlement?

The Court did not decide this lawsuit in favor of anyone. If approved, the Settlement will stop the lawsuit from being litigated any further. If the case continued to be litigated, there is a possibility that Health Carousel would prevail and the Settlement Classes would receive nothing. There is also the possibility that Health Carousel would be required to pay more than it has agreed to pay under the Settlement.

Class Counsel investigated the facts and applicable law regarding the claims and defenses. The parties engaged in lengthy and arms' length negotiations to reach this Settlement. The Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Classes.

Both sides agree that, by settling, Health Carousel is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is in The Settlement

## 5. How do I know if I am part of the Settlement?

If you received a Postcard Notice, Health Carousel's records indicate that you did not complete your Commitment Period but did pay Health Carousel some or all money Health Carousel contends you owed for leaving early. This means that you are a member of one portion of the Group A Settlement Class defined above. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at [email] or [phone].

## The Settlement Benefits—What You Get

## 6. What does the Settlement provide?

Health Carousel has agreed to pay $6,050,000 into a settlement fund. This money will be divided among Group A Settlement Class Members. As a Group A Class Member who paid Health Carousel, your Settlement benefits are as follows:

- The amount you will receive will be between approximately $300 and $5,000 if the Court awards the amount of costs requested, but you could receive a higher amount. If you do not submit a consent form to join the Fair Labor Standards Act portion of this lawsuit *your amount will be reduced by 30%*, but will not dip below $300. Regardless, you will *not* have to pay the lawyers out-of-pocket.

- If Health Carousel contends that you still owe them money, they will forgive that debt.

*Please note that your payment will be accompanied by a Form 1099. If you submit a consent form to join the Fair Labor Standards Act portion of this lawsuit, only half of your payment will be accompanied by a Form 1099. The other half of your payment will be accompanied by a Form W-*

*2, from which employer-side payroll taxes will be withheld, as well as any other amounts typically withheld when you worked for Health Carousel. Neither Health Carousel nor Class Counsel are providing you tax advice though this Settlement, so you will be responsible for seeking your own tax and/or accounting advice regarding your tax obligations.*

Other Settlement Class Members will receive benefits depending on whether they are current employees, completed their Commitment Period, or did not pay Health Carousel any portion of the breach fees. These benefits are as follows: (1) Group A employees who completed their Commitment Period will each receive approximately $1,256 if the Court awards the amount of costs requested, but they could receive a higher amount. (2) Group B employees who, as of February 15, 2024, had left Health Carousel before the end of their Commitment Period but had not paid Health Carousel anything will have any outstanding "liquidated damages" amounts and other debt cancelled. This does not apply to employees who were still employed by Health Carousel as of February 15, 2024. (3) Group A and B employees who, as of February 15, 2024, were current employees each receive approximately $628 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount they receive could be higher. They will also benefit from Health Carousel's changed practices if they do not complete their Commitment Period. These changes include owing Health Carousel the prorated amount of its actual costs and expenses, including Health Carousel's quantifiable expenses for the employee's benefit, consistent with federal wage and other law. Other changed practices include Health Carousel eliminating its written rule about workplace "gossip," advising prospective employees to consult with an attorney before signing their contract and giving them 30 days to do so and providing an FAQ primer to prospective employees that describe their rights and obligations under specific vias, including explaining that EB-2 and EB-visas are not tied to a specific employer. Health Carousel also represents that it has never communicated any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they want to leave before their Commitment Period and agrees that it will never will. Finally, Health Carousel has agreed that the Commitment Period in all Passport USA contracts executed after March 18, 2024, shall count regular time, overtime, and orientation hours. Please note that this Settlement Agreement ***will not change*** the Commitment Period as defined in any current employee's Passport USA contract and/or assignment confirmation letter.

## 7. How can I get a payment?

Settlement payments will be made via direct deposit to the last bank account number that you provided to Health Carousel for direct deposit. If you would like to receive payment in a different way, such as by check, or if the account you had when you worked with Health Carousel is no longer open, you must elect a new payment method by clicking here or by contacting the Settlement Administrator at [phone] or [email].

Class Members who become part of the Settlement Collective by returning or electronically submitting the FLSA Opt-In and Release Form will receive a larger payment than those who do not submit the form. To become part of the Collective, you must fill out and mail or submit the form that was mailed to you. The form is also available and can be filled out online here. If you mail the form, it must be postmarked by [DATE]. If you submit the form electronically, you must do so by [DATE].

## 8. When would I get my payment?

The Court will hold a final approval hearing on [date and time] to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Injunctive relief and payments to members of the Settlement Class will occur only if the Settlement is finally approved. This may take some time, so please be patient.

## 9. What am I giving up to stay in the Settlement Class?

If the Court approves this Settlement, then when the Settlement becomes effective, all Settlement Class Members who have not timely and properly opted out of the Settlement Class will release claims against Health Carousel and its respective present, former and future parents, subsidiaries, affiliates, officers, directors, clients, employees, attorneys, heirs, administrators, executors, insurers, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns under 18 U.S.C. §§ 1589, 1590, 1594, 1962; Ohio Rev. Code §§ 2905.32, 2932.32 and any and all liabilities, attorneys' fees, obligations, duties, undertakings, agreements, contracts, claims, demands, damages, proceedings, actions, causes of action, and defenses to causes of action of every kind, nature, and character, which Settlement Class Member had, has, or will have for events occurring from the beginning of time through February 15, 2024 *that were or could have been raised in this case given the facts alleged in the operative complaint*. This provision is binding on each Settlement Class Member's present, former, and future administrators, guardians, agents, assigns, attorneys, executors, heirs, partners, spouses, family members, insurers, predecessors-in-interest and successors, and all those acting or purporting to act on their behalf.

If you opt-in to the Settlement Collective by mailing or electronically submitting the Opt-In and Release Form to the Settlement Administrator by the Opt-In Deadline, then the Settlement releases all claims against listed above and claims against Health Carousel under the Fair Labor Standards Act through February 15, 2024.

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release that are contained in the Settlement Agreement, as well as the operative Complaint and other related documents, please click here.

## 10. How do I get out of the Settlement?

If you choose to be excluded from the Settlement (or "opt out"), you will not be bound by any judgment or other final disposition of the case and you will not receive the relief outlined above in paragraph 6. You will retain any claims against Health Carousel you might have. To opt out, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or before [DATE]**, addressed to:

Atticus Administration LLC
[ADDRESS]
[ADDRESS]

**If the request is not postmarked on or before [DATE], your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, and you will be barred from bringing any claims which arise out of or relate in any way to the claims that were raised or could have been raised in the Litigation, as specified in the release referenced in paragraph 9 above.

## 11. If I don't exclude myself, can I sue Health Carousel later?

No. Unless you exclude yourself, you give up any right to sue Health Carousel and the entities described in described in paragraph 9 for the claims listed above. If you have a pending lawsuit against Health Carousel or any of these entities, you should speak to your lawyer in that case immediately.

## 12. If I exclude myself, can I get benefits from this Settlement?

No. If you exclude yourself, you are not part of the Settlement.

## The Lawyers Representing You

## 13. Do I have a lawyer in this case?

The Court has appointed Nichols Kaster, PLLP, Towards Justice, Donati Law, PLLC Gupta Wessler, LLP, and Barkan Meizlish DeRose Cox, LLP as Class Counsel.

You may contact them at [email or [phone]. You may also hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 14. How will the lawyers and the Class Representative be paid?

Class Counsel have not been paid anything for their representation of the Settlement Class and Collective to date. Also, they have paid all the expenses of litigation out of their own pockets. If they were to lose the case, they would be paid nothing.

In connection with this Settlement, Class Counsel intend to apply to the Court for an award of:

- Attorneys' fees, in an amount not to exceed $2,016,666.

- Out-of-pocket litigation expenses incurred during the Litigation in an amount not to exceed $80,000.

- Service payments for the Class Representatives who started this Litigation in an amount not to exceed $10,000 for Novie Carmen and $5,000 each for Jerlin Amistoso and Kersteen Flores.

- Expenses of the Settlement Administrator not to exceed $43,092.

The request for these costs will be made through a fee petition filed with the Court and posted to the Settlement Website, which you can access through the following QR Code and after entering the requested information: [insert]

The Court will evaluate whether the requests are reasonable. The Court may award less. If awarded by the Court, all of these amounts will be paid out of the settlement fund. You will not owe money out-of-pocket.

## Objecting To The Settlement

## 15. How do I tell the Court that I don't like the Settlement?

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as is. If the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. If you timely object, you may also appear at the final approval hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) state the case name and number *Carmen et. al v. Health Carousel, LLC,* Case No. 1:20cv00313; (b) state the basis for and an explanation of the objection; (c) state your name, address, telephone number, and email address (if you have one); (d) state whether you intend to appear at the final approval hearing, either with or without an attorney; (e) be submitted to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your objection in person at that address; *and* (f) have a copy mailed to the Settlement Administrator at [address]. The objection must be signed by you and by your counsel, if you have separate counsel. Your objection must be filed on or before [DATE] and postmarked on or before [DATE].

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

The Parties have agreed and it is a term of the Settlement that no payments will be made to any objector, or any objector's counsel, without the Court's approval. The Parties' Agreement further requires the Court to approve any payments made in connection with an objector withdrawing or dismissing an appeal.

## 16. What's the difference between objecting to the settlement and excluding yourself from it?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't

want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

## 17. Where and when will the Court decide whether to approve the Settlement?

There will be a final approval hearing to consider approval of the proposed Settlement on [date, time and location]. The hearing may be conducted virtually or postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and Final Judgment should be entered approving the proposed Settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and costs, the amount proposed for the Class Representatives, and the amount for the Settlement Administrator.

You will be represented at the final approval hearing by Class Counsel, unless you object or choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the hearing.

## 18. Do I have to come to the hearing?

No. Class Counsel will represent the Settlement Class and Collective at the final approval hearing, but you are welcome to come at your own expense. If you submit any objection, you do not have to come to Court to talk about it, but you may do so if you wish. You may also pay your own lawyer to attend, if you wish.

## 19. May I speak at the hearing?

Although you do not have to attend or speak at the final approval hearing, you may ask the Court for permission to speak at the hearing if you want to. To do so, you must submit your notice of intention to appear at the hearing to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your notice of intention to appear in person at that address. You cannot speak at the hearing if you exclude yourself.

## Getting More Information

## 20. Are there more details about the Settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the Litigation or the Settlement, you may refer to the papers filed in this case. They are available during regular business hours at the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202 for the case *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313. The full Settlement Agreement and certain pleadings filed in the case can be requested from the Settlement Administrator by calling [phone] or emailing

10

[email]. You can also access them through the following QR code after entering the requested information: [insert]

## 21. How do I get more information?

You may contact the Settlement Administrator at [email] or [phone], or contact Class Counsel at [email] or [phone]. **Please do not contact the Court for information.**

# EXHIBIT 5

## PROPOSED LONG FORM NOTICE FOR FORMER EMPLOYEES WHO DID NOT PAY HEALTH CAROUSEL ANY "LIQUIDATED DAMAGES" THAT HEALTH CAROUSEL CONTENDS WERE OWED

# NOTICE FOR FORMER EMPLOYEES WHO DID NOT COMPLETE THEIR COMMITMENT PERIOD AND DID NOT PAY HEALTH CAROUSEL ANY "BREACH FEES"
## United States District Court for the Southern District of Ohio
### *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313

- This is a Court authorized notice of a proposed Settlement in a class action.

- You are NOT being sued, and this Settlement does NOT have any impact on your employment or immigration status.

- This notice describes the legal rights and options for Passport USA workers who, *as of February 15, 2024*, had left Health Carousel before the end of their Commitment Period and had not paid Health Carousel any "liquidated damages" (sometimes known as "breach fees"). If this does not describe you, please click here to find the notice that applies to you.

- The proposed Settlement resolves the lawsuit against Health Carousel. But this settlement is NOT an admission of any wrongdoing whatsoever. Health Carousel agreed to this Settlement to save resources from ongoing contested legal proceedings and for no other purpose.

- Your rights and options—and the deadlines to exercise them—are explained in the following chart and in this Notice. **Please review the chart and this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing | If the Court approves this Settlement, any amounts you may owe Health Carousel for leaving before the end of your Commitment Period will be forgiven, and you will not be required to pay Health Carousel. <br><br> But you will still give up the right to sue Health Carousel and related entities for claims released through this Settlement. Please see paragraph 9 below. |
| | |
| Exclude Yourself | This is the only option that allows you to try to bring your own case or be part of any other lawsuit or legal action against Health Carousel about the matters released in this Settlement. But Health Carousel will still try to collect any amounts you may owe. See paragraphs 10-12 below. |
| Object | You may object to the Settlement. You cannot object if you exclude yourself. See paragraphs 15-16 below. |
| Attend Hearing | You may ask to speak in Court about the fairness of the Settlement. See paragraphs 17-19 below. |

**For more information, you may contact the Settlement Administrator at [email] or [phone] or the lawyers representing the healthcare workers at [email] or [phone].**

1

## **TABLE OF CONTENTS**

Basic Information .................................................................................................... x

1.    Why did I get this Notice? ............................................................................. X

2.    What is the Litigation about? ......................................................................... X

3.    What are class and collective actions? .......................................................... X

4.    Why is there a Settlement? ............................................................................ X

Who Is In The Settlement ......................................................................................... x

5.    How do I know if I am part of the Settlement? .............................................. X

The Settlement Benefits – What You Get ................................................................ x

6.    What does the Settlement provide? ............................................................... X

7.    How can I get Settlement benefits? ............................................................... X

8.    When would I get Settlement benefits ? ........................................................ X

9.    What am I giving up to stay in the Settlement Class? .................................... X

10.   How do I get out of the Settlement? .............................................................. X

11.   If I don't exclude myself, can I sue Health Carousel for the same thing later? ....... X

12.   If I exclude myself, can I get benefits from this Settlement? ......................... X

The Lawyers Representing You ................................................................................ x

13.   Do I have a lawyer in this case? .................................................................... X

14.   How will the lawyers and the Class Representative be paid? ........................ X

Objecting to The Settlement ..................................................................................... x

15.   How do I tell the Court that I don't like the Settlement? ............................... X

16.   What's the difference between objecting and excluding yourself? ................ X

17.   Where and when will the Court decide whether to approve the Settlement? ....... X

18.   Do I have to come to the hearing? ................................................................. X

19.   May I speak at the hearing? ........................................................................... X

Getting More Information ......................................................................................... x

20.   Are there more details about the Settlement? ................................................ X

21.   How do I get more information? .................................................................... X

2

| Basic Information |
|---|

You may be viewing this notice because you received a shorter notice in the mail. This Notice has been posted because members of the proposed Settlement Class have a right to know about a proposed settlement of a class action lawsuit in which they are class members and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals relating to that Settlement are resolved, the benefits provided for by the Settlement will be available to members of the Settlement Class.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of Ohio and the case is known as *Carmen, et al. v. Health Carousel, LLC*, Case No. 1:20cv00313 (the "Litigation").

| 1. Why did I get this Notice? |
|---|

The Court in this case approved the posting of this Notice so that it could be viewed by potential members of the Settlement Classes. The Settlement Classes are defined below and this notice is meant for the people in the portions of the Group B Settlement Class **bolded** below.

Group A Settlement Class: All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; (2) completed their Commitment Period; or (3) are current employees within the Passport USA program.

Group B Settlement Class: **All healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated damages;"** or (2) are current employees within the Passport USA program.

To be clear, employees who completed their Commitment Period as of February 15, 2024, are not considered current employees for the purpose of this Settlement.

Class membership is based upon Health Carousel's records. If you are unsure of whether you are in either Settlement Class, you can contact the Settlement Administrator at [email] or [phone].

## 2. What is the Litigation about?

A nurse who worked for Health Carousel, Novie Carmen, started this lawsuit against Health Carousel in 2020. A physical therapist named Jerlin Amistoso and another nurse named Kersteen Flores later joined the case. Together, they are called "Plaintiffs" or "Class Representatives."

The Plaintiffs alleged that Health Carousel broke the law by requiring healthcare workers to pay Health Carousel if they left before the end of their Commitment Period and other related alleged conduct. Health Carousel denies that it broke the law or did anything wrong. Please see paragraph 9 below for the specific list of claims brought in this this lawsuit and the claims you would release by participating in this Settlement.

Your interest as a member of the Settlement Classes will be represented by the Class Representatives and Class Counsel. You will be bound by any judgment arising from the Settlement unless you exclude yourself from the settlement.

The Parties are settling the Litigation to avoid the risk and expense of further litigation. The Court has not determined that Health Carousel broke the law or that anyone could recover any certain amount in this Litigation.

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the Litigation.

## 3. What are class and collective actions?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding. Class Representatives seek to assert claims on behalf of all members of a class or classes of similarly situated people. By doing this, members of the class can conserve resources by asserting their claims in a single lawsuit.

Similarly, in a collective action lawsuit, Named Plaintiffs seek to assert claims on behalf of other people who may have similar claims. Claims brought as a collective action apply only to claims under federal law and are usually brought under the federal Fair Labor Standards Act, like in this case. In a collective action, only those who join the case by filing or submitting a written consent form are included.

This case was brought as both a class action and a collective action. Lawyers who represent people who file class actions are called "class counsel." To date, the lawyers who brought claims on behalf of the class ("Class Counsel") have not been paid any money for their work and have paid all their expenses out of pocket. They will only be paid if they win the Litigation or if the Court approves the Settlement.

## 4. Why is there a Settlement?

The Court did not decide this lawsuit in favor of anyone. If approved, the Settlement will stop the lawsuit from being litigated any further. If the case continued to be litigated, there is a possibility that Health Carousel would prevail and the Settlement Classes would receive nothing. There is also the possibility that Health Carousel would be required to pay more than it has agreed to pay under the Settlement.

Class Counsel investigated the facts and applicable law regarding the claims and defenses. The parties engaged in lengthy and arms' length negotiations to reach this Settlement. The Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Classes.

Both sides agree that, by settling, Health Carousel is not admitting any liability or that it did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is in The Settlement

## 5. How do I know if I am part of the Settlement?

If you received a Postcard Notice, Health Carousel's records indicate that you did not complete your Commitment Period but did not pay Health Carousel any money Health Carousel contends you owed for leaving early. This means that you are a member of one portion of the Group B Settlement Class defined above. If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at [email] or [phone].

## The Settlement Benefits—What You Get

## 6. What does the Settlement provide?

If this Settlement is approved, Group B Settlement Class Members who left before the end of their "Commitment Period" and did not pay Health Carousel any money associated with leaving will receive cancelation of any "liquidated damages" (i.e., "breach fee") amounts they might otherwise owe. These Settlement Class Members, however, will not receive any cash payments through this Settlement.

*Please note that no tax form will issue to you from the Settlement Administrator. But that does not necessarily mean you will have no tax obligations. Because neither Health Carousel nor Class Counsel are providing you tax advice though this Settlement, you should seek your own tax and/or accounting advice regarding your tax obligations.*

Other Settlement Class Members will receive benefits depending on whether they are current employees, completed their Commitment Period, or paid Health Carousel any portion of the breach fees. Health Carousel has agreed to pay $6,050,000 into a settlement fund. This money will be divided and other benefits provided as follows: (1) Group A employees who completed their

5

Commitment Period will each receive approximately $1,256 if the Court awards the amount of costs requested, but they could receive a higher amount. (2) Group A employees who, as of February 15, 2024, had left Health Carousel before the end of their Commitment Period and had paid Health Carousel some or all money will have any outstanding "liquidated damages" amounts and other debt cancelled and will each receive between approximately $300 and $5,000 if the Court awards the amount of costs requested, but they could receive a higher amount. People who do not submit a consent form to join the Fair Labor Standards Act portion of this lawsuit will have their amounts reduced by 30%, but will not dip below $300. (3) Group B employees who, as of February 15, 2024, were current employees each receive approximately $628 if the Court awards the fees, costs, and other amounts the lawyers intend to request, but the amount they receive could be higher. They will also benefit from Health Carousel's changed practices if they do not complete their Commitment Period. These changes include owing Health Carousel the prorated amount of its actual costs and expenses, including Health Carousel's quantifiable expenses for the employee's benefit, consistent with federal wage and other law. Other changed practices include Health Carousel eliminating its written rule about workplace "gossip," advising prospective employees to consult with an attorney before signing their contract and giving them 30 days to do so and providing an FAQ primer to prospective employees that describe their rights and obligations under specific vias, including explaining that EB-2 and EB-visas are not tied to a specific employer. Health Carousel also represents that it has never communicated any potential negative immigration consequences to EB-2 and EB-3 visa holders who indicate they want to leave before their Commitment Period and agrees that it will never will. Finally, Health Carousel has agreed that the Commitment Period in all Passport USA contracts executed after March 18, 2024, shall count regular time, overtime, and orientation hours. Please note that this Settlement Agreement **_will not change_** the Commitment Period as defined in any current employee's Passport USA contract and/or assignment confirmation letter.

## 7. How can I get Settlement Benefits?

You are not eligible for a payment through this Settlement. But if the Settlement is approved and you do not exclude yourself, Health Carousel will forgive any amounts it believes you owe.

## 8. When would I get Settlement Benefits?

The Court will hold a final approval hearing on [date and time] to decide whether to approve the Settlement. If the Settlement is approved, there may be appeals. Settlement benefits will occur only if the Settlement is finally approved. This may take some time, so please be patient.

## 9. What am I giving up to stay in the Settlement Class?

If the Court approves this Settlement, then when the Settlement becomes effective, all Settlement Class Members who have not timely and properly opted out of the Settlement Class will release claims against Health Carousel and its respective present, former and future parents, subsidiaries, affiliates, officers, directors, clients, employees, attorneys, heirs, administrators, executors, insurers, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, and assigns under 18 U.S.C. §§ 1589, 1590, 1594, 1962; Ohio Rev. Code §§ 2905.32, 2932.32 and any and all liabilities, attorneys' fees, obligations, duties, undertakings,

agreements, contracts, claims, demands, damages, proceedings, actions, causes of action, and defenses to causes of action of every kind, nature, and character, which Settlement Class Member had, has, or will have for events occurring from the beginning of time through February 15, 2024 *that were or could have been raised in this case given the facts alleged in the operative complaint*. This provision is binding on each Settlement Class Member's present, former, and future administrators, guardians, agents, assigns, attorneys, executors, heirs, partners, spouses, family members, insurers, predecessors-in-interest and successors, and all those acting or purporting to act on their behalf.

If you opt-in to the Settlement Collective by mailing or electronically submitting the Opt-In and Release Form to the Settlement Administrator by the Opt-In Deadline, then the Settlement releases all claims against listed above and claims against Health Carousel under the Fair Labor Standards Act through February 15, 2024.

This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release that are contained in the Settlement Agreement, as well as the operative Complaint and other related documents, please click here.

## 10. How do I get out of the Settlement?

If you choose to be excluded from the Settlement (or "opt out"), you will not be bound by any judgment or other final disposition of the case and you will not receive the relief outlined above in paragraph 6. You will retain any claims against Health Carousel you might have. To opt out, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first class mail, postmarked on or before [DATE]**, addressed to:

Atticus Administration LLC
[ADDRESS]
[ADDRESS]

**If the request is not postmarked on or before [DATE], your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, and you will be barred from bringing any claims which arise out of or relate in any way to the claims that were raised or could have been raised in the Litigation, as specified in the release referenced in paragraph 9 above.

## 11. If I don't exclude myself, can I sue Health Carousel later?

No. Unless you exclude yourself, you give up any right to sue Health Carousel and the entities described in described in paragraph 9 for the claims listed above. If you have a pending lawsuit against Health Carousel or any of these entities, you should speak to your lawyer in that case immediately.

## 12. If I exclude myself, can I get benefits from this Settlement?

No. If you exclude yourself, you are not part of the Settlement.

| The Lawyers Representing You |
|:---:|

| **13. Do I have a lawyer in this case?** |
|:---|

The Court has appointed Nichols Kaster, PLLP, Towards Justice, Donati Law, PLLC Gupta Wessler, LLP, and Barkan Meizlish DeRose Cox, LLP as Class Counsel.

You may contact them at [email] or [phone]. You may also hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

| **14. How will the lawyers and the Class Representative be paid?** |
|:---|

Class Counsel have not been paid anything for their representation of the Settlement Class and Collective to date. Also, they have paid all the expenses of litigation out of their own pockets. If they were to lose the case, they would be paid nothing.

In connection with this Settlement, Class Counsel intend to apply to the Court for an award of:

- Attorneys' fees, in an amount not to exceed $2,016,666.

- Out-of-pocket litigation expenses incurred during the Litigation in an amount not to exceed $80,000.

- Service payments for the Class Representatives who started this Litigation in an amount not to exceed $10,000 for Novie Carmen and $5,000 each for Jerlin Amistoso and Kersteen Flores.

- Expenses of the Settlement Administrator not to exceed $43,092.

The request for these costs will be made through a fee petition filed with the Court and posted to the Settlement Website, which you can access through the following QR Code and after entering the requested information: [insert]

The Court will evaluate whether the requests are reasonable. The Court may award less. If awarded by the Court, all of these amounts will be paid out of the settlement fund. You will not owe money out-of-pocket.

| Objecting To The Settlement |
|:---:|

| **15. How do I tell the Court that I don't like the Settlement?** |
|:---|

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as is. If

the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. If you timely object, you may also appear at the final approval hearing, either in person, or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) state the case name and number *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313; (b) state the basis for and an explanation of the objection; (c) state your name, address, telephone number, and email address (if you have one); (d) state whether you intend to appear at the final approval hearing, either with or without an attorney; (e) be submitted to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your objection in person at that address; *and* (f) have a copy mailed to the Settlement Administrator at [address]. The objection must be signed by you and by your counsel, if you have separate counsel. Your objection must be filed on or before [DATE] and postmarked on or before [DATE].

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

The Parties have agreed and it is a term of the Settlement that no payments will be made to any objector, or any objector's counsel, without the Court's approval. The Parties' Agreement further requires the Court to approve any payments made in connection with an objector withdrawing or dismissing an appeal.

## 16. What's the difference between objecting to the settlement and excluding yourself from it?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

## 17. Where and when will the Court decide whether to approve the Settlement?

There will be a final approval hearing to consider approval of the proposed Settlement on [date, time and location]. The hearing may be conducted virtually or postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and Final Judgment should be entered approving the proposed Settlement. The Court also will consider Class Counsel's application for an award of attorneys' fees and costs, the amount proposed for the Class Representatives, and the amount for the Settlement Administrator.

You will be represented at the final approval hearing by Class Counsel, unless you object or choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the hearing.

**18. Do I have to come to the hearing?**

No. Class Counsel will represent the Settlement Class and Collective at the final approval hearing, but you are welcome to come at your own expense. If you submit any objection, you do not have to come to Court to talk about it, but you may do so if you wish. You may also pay your own lawyer to attend, if you wish.

**19. May I speak at the hearing?**

Although you do not have to attend or speak at the final approval hearing, you may ask the Court for permission to speak at the hearing if you want to. To do so, you must submit your notice of intention to appear at the hearing to the Court, either by mail to the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202, or by filing your notice of intention to appear in person at that address. You cannot speak at the hearing if you exclude yourself.

**Getting More Information**

**20. Are there more details about the Settlement?**

This Notice is only a summary. For a more detailed statement of the matters involved in the Litigation or the Settlement, you may refer to the papers filed in this case. They are available during regular business hours at the Office of the Clerk of Court, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202 for the case *Carmen et. al v. Health Carousel, LLC*, Case No. 1:20cv00313. The full Settlement Agreement and certain pleadings filed in the case can be requested from the Settlement Administrator by calling [phone] or emailing [email]. You can also access them through the following QR code after entering the requested information: [insert]

**21. How do I get more information?**

You may contact the Settlement Administrator at [email] or [phone], or contact Class Counsel at [email] or [phone]. **Please do not contact the Court for information.**

10

# EXHIBIT 6

## Proposed Payment Acceptance Reminder Notices

**Payment Acceptance Reminder Notice**

**<u>Email:</u>**

Dear NAME:

You have been identified as a Settlement Class Member in a lawsuit against Health Carousel, LLC. The Settlement Administrator's records show that your Settlement Payment could not be deposited into the bank account number on file or you have not cashed your settlement check or otherwise accepted payment. **If you do not do so by [DATE], the amount set forth in your check will be reported as unclaimed funds to your state's unclaimed property fund.**

If you have a new bank account, have lost or did not receive your check, or prefer payment through another method, please contact the Settlement Administrator as soon as possible at [NUMBER] or by email at [EMAIL]. You can learn more about the case by using this QR Code and entering the requested information: [code].

Sincerely,

[settlement administrator]

[Reminder Postcard appears on the next page]

132097440v1

*Health Carousel Settlement*
c/o [Settlement Administrator]
[ADDRESS]
[ADDRESS]

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID

COURT ORDERED

REMINDER NOTICE

***Health Carousel Settlement***

0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode

Class Action
Reminder Notice on Inside

ID: [number]

[Name and Address]

[See next page]

132097440v1

A settlement has been reached in a class and collective action against Health Carousel, LLC, for alleged violations of certain laws. Health Carousel disputes these allegations and denies all liability. You should have already received Postcard Notice of the settlement and a check. This Notice summarizes the proposed Settlement. The full terms are available by following this QR Code and entering the requested information: [code]

## **IMPORTANT**

The Settlement Administrator's records show that your Settlement Payment could not be deposited into the bank account number on file or you have not cashed your settlement check or otherwise accepted payment. **If you do not do so by [DATE], the amount set forth in your check will be reported as unclaimed funds to your state's unclaimed property fund.**

If you have a new bank account, have lost or did not receive your check, or prefer payment through another method, please contact the Settlement Administrator as soon as possible at [NUMBER] or by email at [EMAIL].

# FIRST AMENDED EXHIBIT 7

## Proposed Postcard Notice

COURT ORDERED NOTICE

**Health Carousel Settlement**

Class Action
Notice on Inside

*Health Carousel Settlement*
C/O ADMINISTRATOR
ADDRESS
ADDRESS

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID



0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode

ID: 00001234

First Last
Address1
Address2
City State Zip Code

---

A settlement has been reached in a class and collective action against Health Carousel, LLC. Health Carousel disputes these allegations and denies all liability. This Notice summarizes the proposed Settlement. The full terms are available at the Settlement website accessible through this code: [code].

**Am I a Class Member and What Does the Settlement Provide?** This case involves class action and collective action claims related to Health Carousel's employment practices, including claims related to paying "breach fees" and the Commitment Period. You are automatically included in the class action claims. If the Court approves the Settlement, then you may be eligible to receive one of these benefits:

If as of February 15, 2024, you did not complete your Commitment Period and you paid Health Carousel any portion of the "breach fee," then: The amount you will receive will be between approximately $300 and $5,000 if the Court awards the amount of costs requested, but you could receive a higher amount. If you do not submit a consent form to join the Fair Labor Standards Act portion of this lawsuit your amount will be reduced by 30%, but will not dip below $300. *If you are eligible to be included in the collective portion of this case (i.e., the federal wage portion of this case), an Opt-In and Release Form is attached to this postcard with instructions.* Regardless, you will *not* have to pay Class Counsel or Health Carousel out of pocket. Health Carousel will also not try to collect any remaining amounts you may owe them.

If as of February 15, 2024, you completed your Commitment Period, then: The amount you will receive will be approximately $1,256 if the Court awards the amount of costs requested, but you could receive a higher amount. You will *not* have to pay the lawyers or Health Carousel out of pocket. You are not considered a current employee under this Settlement and not eligible to receive amounts designated for current employees.

If as of February 15, 2024, you were a current employee within the Passport USA program of Health Carousel and had not yet completed your Commitment Period, then: The amount you will receive will be approximately $628 if the Court awards the amount of costs requested, but you could receive a higher amount. You will *not* have to pay the lawyers out-of-pocket. Additionally, you will benefit from Health Carousel's changed practices. These changed practices include, among other things described in the Settlement Agreement, owing Health Carousel a pro-rated amount of its actual costs and expenses instead of liquidated damages if you leave before the end of your Commitment Period. To be clear, employees who completed their Commitment Period as of February 15, 2024 are not considered current employees for the purpose of this Settlement.

If as of February 15, 2024, you did not complete your Commitment Period and did not pay Health Carousel any portion of the "breach fee," then: Any amounts you may owe Health Carousel for leaving before the end of your Commitment Period will be forgiven, and you will not be required to pay Health Carousel.

**How will I get paid?** If you are eligible to receive a payment under this Settlement, your payment will be directly deposited into the last bank account Health Carousel you provided to Health Carousel for direct deposit. If you want to be paid another way, please contact the Settlement Administrator or visit the website.

**What If I Don't Like the Settlement?** You can exclude yourself or object. If you do not exclude yourself, you cannot sue Health Carousel for the claims released in this case, but you will receive one of the benefits described above. To exclude yourself and keep any rights you may have to sue Health Carousel over the legal issues in this lawsuit, write the Settlement Administrator by [date]. If you do not exclude yourself, you may object to the proposed settlement. To do so, you must file a timely written objection with the Clerk of Court by [date].

**Who Represents Me?** The Court has appointed the law firms of Nichols Kaster, Towards Justice, Barkan Meizlish, Gupta Wessler, and Donati Law as Class Counsel. Class counsel intend to apply to the Court for an award of attorneys' fees in an amount not to exceed $2,016,666, costs not to exceed $80,000, expenses of the Settlement Administrator estimated to be $43,092, and service payments to the three Plaintiffs who started this lawsuit in amounts not to exceed $5,000-$10,000.

**When Will the Court Consider the Settlement?** There will be a final approval hearing to consider approval of the proposed Settlement on [date, time and location].

**How Do I Get More Information?** You can visit the Settlement Website by following this QR code above or contacting the Settlement Administrator at [email] or [phone], or contact Class Counsel at [email] or [phone].

**FLSA Opt-In and Release Form**

To join the federal wage portion of this Settlement (i.e., the Fair Labor Standards portion of this Settlement), you must fill out and submit this form by [DATE]. You can fill out this form electronically at the website that is linked from this QR Code: [code] You can also email this form to [EMAIL], or mail this form to [ADDRESS]. If you mail the form, please make sure it is postmarked by [DATE].

I consent to make a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* against Health Carousel, LLC ("Defendant"). I understand that submitting this form would releases all claims against the alleged in this lawsuit under the FLSA if the Court approves the Settlement. I understand the release shall cover claims through February 15, 2024.

Signature: _____    Date (mm/dd/yy): ___ ___ / ___ ___ / ___ ___

My Name (First, MI, Last): _____

My Current Mailing Address: _____

City: _____    State: _____    Zip Code: _____

Best Phone Number(s): _____

Best Email Address: _____

Questions? Visit [code]

_____

_____

_____

*HEALTH CAROUSEL SETTLEMENT*
C/O ADMINISTRATOR
ADDRESS
ADDRESS

0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode

ID: 00001234

# EXHIBIT 8

# Proposed Preliminary Approval Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Novie Dale Carmen, Jerlin C. Amistoso, and Kersteen B. Flores, individually and as Representatives of the Classes, | Case No. 1:20cv00313<br>Judge Douglas R. Cole |
|      Plaintiffs, | |
| v. | |
| Health Carousel, LLC, | |
|     Defendant. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL**

Based on Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed class action Settlement between Plaintiffs and Defendant Health Carousel, LLC, and good cause shown therein, Preliminary Approval, including Class and Collective Certification for settlement purposes only, is GRANTED as set forth below in accordance with Federal Rule of Civil Procedure 23 and other applicable law.

1.     Class Certification for Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, the following Settlement Classes:

    Group A Settlement Class: all healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period; (2) completed their Commitment Period; or (3) are current employees. Group A Settlement Class Member shall mean a member of the Group A Settlement Class.

    Group B Settlement Class: all healthcare workers who entered the United States through Defendant's Passport USA program at any point from March 16, 2010 to February 15, 2024, who do not submit a timely and valid written notice of intent to opt-out, and who as of February 15, 2024: (1) had left Heath Carousel before the end of their Commitment Period and failed to pay Health Carousel any "liquidated

<u>damages"; or (2) are current employees. Group B Settlement Class Member shall mean a member of the Group B Settlement Class.</u>

2.      FLSA Notice. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Court authorizes notice for settlement purpose to the following *putative* Settlement Collective: Group A Settlement Class Members who paid Health Carousel some or all "liquidated damages" for leaving before the end of their Commitment Period.

3.      In connection with certification, the Court makes the following findings for settlement purposes only:

a.      The Settlement Classes are so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Settlement Classes for purposes of determining whether this Settlement should be finally approved;

c.      The Class Representatives' claims are typical of the claims being resolved through the proposed Settlement;

d.      The Class Representatives and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement;

e.      Common questions of law and fact predominate over questions affecting only individual persons in the Settlement Classes, making the Settlement Class sufficiently cohesive to warrant settlement by representation; and

f.      Certification of the Settlement Classes is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

g.     The requirements of Fed. R. Civ. P. 23(b)(2) are met because the relief agreed to for Group B Settlement Class Members is appropriate respecting the class as a whole.

4.     Class Counsel. Nichols Kaster, PLLP, Towards Justice, Donati Law, Gupta Wessler, and Barkan Meizlish are hereby APPOINTED as Class Counsel.

5.     Class Representatives. Novie Dale Carmen, Jerlin Amistoso, and Kersteen Flores are hereby APPOINTED Class Representatives.

6.     Preliminary Approval of the Settlement is within the Range of Reasonableness. The Court preliminarily finds the Settlement within the range of reasonableness based on:

(a) the complexity, duration, and procedural posture of the Action;

(b) the risks and costs of continued litigation;

(c) the significant relief for Settlement Class Members;

(d) the adequacy of representation Class Representative and Class Counsel provided;

(e) the absence of fraud or collusion between the parties in reaching the Settlement; and

(f) the equitable allocation of funds between class members.

7.     Class Notice. The parties' Postcard, Reminder, and Long Form Notices are APPROVED for distribution in accordance with the Settlement Agreement. The parties are permitted to make non-substantive changes prior to distribution and posting, including to include applicable deadlines and contact information.

8.     Atticus Administration LLC is APPOINTED as Settlement Administrator.

9.     Opt-Outs, Opt-Ins, and Objections. Members of the Settlement Class shall have the right to opt out or object to this Settlement pursuant to the procedures included in the Settlement

3

Agreement. The deadline to opt out or object is sixty (60) days from the sending of the initial Notices. Class Members who are eligible to become Collective Members must opt in no later than sixty (60) days from the sending of the initial Notices in order to become Collective Members.

10. **No Waiver of Defenses.** The Court recognizes that the Parties reserve all of their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. The Parties also reserve their defenses to the merits of the claims asserted if the Settlement does not become final for any reason. If the final settlement is not approved, this Order may not be used as evidence in a future dispute over collective and/or class certification or notice. Any future dispute over class certification would be resolved based on the evidence presented at that time.

11. **Effect of Failure to Approve Settlement.** If the Settlement is not finally approved by the Court, or for any other reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement Agreement, or if the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a.    All orders and findings entered in connection with the Settlement shall become null and void and have no further force or effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b.    Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against either Party;

    c.    Neither the Settlement nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notices, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor

4

any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

12. Final Approval Hearing. A Final Approval Hearing is set for _____, 2024 at _____, in Courtroom _____.


Dated:_____          _____
                                   Honorable Douglas Cole
                                   United States District Court Judge

# EXHIBIT 9

# PROPOSED FLSA REMINDER NOTICE

**Email:**

Dear NAME:

You have been identified as a Settlement Class Member in a lawsuit against Health Carousel, LLC. You have the right to opt into the federal wage portion of this case, but the Settlement Administrator's records show that you have not done that yet. If you would like to opt into the federal wage portion of this case, please visit the Settlement Website and click on the [submit consent form tab]. Follow this QR Code to access the Settlement Website: [insert]

You must submit your form by DATE if you want to be included in the federal wage portion of this case. If you do not timely opt in, you will receive less money through the Settlement than you otherwise would.

If you have any questions, please contact the Settlement Administrator as soon as possible at [NUMBER] or by email at [EMAIL].

Sincerely,

[settlement administrator]

[reminder postcard on next page]

132097461v1

COURT ORDERED
REMINDER NOTICE

**Health Carousel Settlement**

Class Action
Reminder Notice on Inside

*Health Carousel Settlement*
C/O ADMINISTRATOR
ADDRESS
ADDRESS

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID



0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode

ID: 00001234

First Last
Address1
Address2
City State Zip Code

You have been identified as a Settlement Class Member in a lawsuit against Health Carousel, LLC. You have the right to opt into the federal wage portion of this case, but the Settlement Administrator's records show that you have not done that yet. If you would like to opt into the federal wage portion of this case, please visit the Settlement Website and click on the [submit consent form tab]. Follow this QR Code to access the Settlement Website: [insert]

You must submit your form by DATE if you want to be included in the federal wage portion of this case. If you do not timely opt in, you will receive less money through the Settlement than you otherwise would.

If you have any questions, please contact the Settlement Administrator as soon as possible at [NUMBER] or by email at [EMAIL].